Rockingham,
April 5, 1921.

### MARY C. ROGERS & a. *v.* ANNA C. ROGERS.

The test for the admissibility of relevant evidence which is calculated to create prejudice is whether such prejudice would be so great as to overbalance the assistance the evidence will afford to the trier.

In such case the question of admissibility is one of fact and the conclusion of a master thereon will not be disturbed, if it is supported by evidence.

BILL IN EQUITY, to set aside a deed on the ground it was procured by fraud. James Rogers left three daughters and one son surviving him, all of whom were witnesses. Hearing before a master, who, subject to exception, permitted the defendant on cross-examining the plaintiff and her brother, to introduce letters they had written;

the defendant's purpose being to contradict their testimony. Transferred by *Allen*, J., without a ruling, from the May term, 1920, of the superior court.

*Scammon & Gardner* and *Frederick J. Grady*, for the plaintiffs.

*Sleeper & Brown*, for the defendant.

YOUNG, J. The plaintiffs do not contend that the letters should have been excluded because they were irrelevant to the matters in issue, using that term in the sense in which it is used in *Darling* v. *Westmoreland*, 52 N. H. 401, but because they were irrelevant to the matters in issue, within the meaning of that term as it is used in *King* v. *Chase*, 15 N. H. 9, and calculated to excite undue prejudice. In other words, the plaintiffs invoke the undue prejudice rule. 3 Wig. Ev., s. 1904. This rule excludes relevant facts whenever it appears that the prejudice they would excite will be so great that it is probable they will mislead the trier. *State* v. *Lapage*, 57 N. H. 245.

In short, such facts are excluded, not because they have no tendency to prove the matter in issue, but because they have too great a tendency to prove it. 1 Wig. Ev. 55–57.

The test therefore to determine the admissibility of relevant facts capable of exciting prejudice is to inquire whether the prejudice they will excite will be so great as to overbalance any assistance they may be to the trier. The issue raised by this inquiry is an issue of fact, and the finding of the master is in the defendant's favor; consequently the question raised by the plaintiff's exception is whether there is any evidence to sustain the master's finding. While it can be said that these letters were capable of exciting prejudice, it cannot be said that their capacity for exciting it is so great that it is probable they misled the master. In other words, notwithstanding the letters might have been excluded under the undue prejudice rule, it cannot be said that the master erred when he admitted them.

*Case discharged.*

All concurred.