Rockingham
No. 6412

STATE OF NEW HAMPSHIRE v. IRVING HAYWARD

December 31, 1974

*Warren B. Rudman,* attorney general, *Thomas D. Rath,* assistant attorney general, and *Gregory R. Smith,* attorney *(Mr. Rath* orally), for the State of New Hampshire.

*Reinhart & Eldredge (Mr. Arthur J. Reinhart* orally) for the defendant.

KENISON, C.J. Defendant was convicted by a jury of aggravated assault on the manager of the Sessions Record Shop in Portsmouth. The manager testified that on August 7, 1971, she was struck on the head with a hammer by defendant. During the trial the State introduced into evidence through the testimony of a police photographer, first black and white and, then, color photographs (2″ x 3″) representing the area of the shop in which the manager was assaulted. Both sets of photographs portrayed the sales counter where the crime occurred and revealed the general disarray as well as the bloodstains resulting from the incident.

Defendant objected to the admission into evidence of the color photographs, claiming that they were inflammatory in their depiction of the bloodstains and that they added nothing to the previously admitted black and white photographs. *Morris,* J., reserved and transferred defendant's exception to the admission of the photographs. The issue presented by this appeal is whether the trial court's admission into evidence of the color photographs of the scene of the crime constituted prejudicial error.

The admissibility of photographs of the scene or of the victim in criminal cases lies within the discretion of the trial judge who must weigh the probative value of the photographs as against the possible prejudice which they might produce. *State v. White,* 105 N.H. 159, 162, 196 A.2d 33, 35 (1963); *State v. Mannion,* 82 N.H. 518, 520, 136 A. 358, 360 (1927); *State v. Hause,* 82 N.H. 133, 136, 130 A. 743, 744 (1925); *see* 4 J. Wigmore, Evidence § 1157 (1972); 3 *id.* § 792 (1970). We do not find an abuse of discretion in the admission of the color photographs in this case. The two photographs were made the day after the crime was committed, and testimony of the photographer indicated that they were accurate representations of the scene. Prior to the admission of the

color photographs the victim stated that blood "was all over the place" as a result of the assault. In addition the photographer pointed out that the dark spots appearing in the black and white photos were blood. The trial court could have found that the probative value of the photographs in illustrating previous verbal testimony outweighed any risk of prejudice to the defendant. 3 C. Scott, Photographic Evidence § 1352 (1969); Annot., 53 A.L.R.2d 1102, 1103 (1957); see Duguay v. Gelinas, 104 N.H. 182, 187, 182 A.2d 451, 455 (1963).

Defendant maintains, however, that it was unnecessary to introduce the color photographs because the black and white ones accurately represented the scene of the crime. Since color may have augmented the accuracy of the jury's perception of the scene of the crime, the trial court properly admitted the color photographs. State v. Thorp, 86 N.H. 501, 507, 171 A. 633, 638 (1934); 3 C. Scott, Photographic Evidence § 1353 (1969); State v. Duguay, 158 Me. 61, 64, 178 A.2d 129, 131 (1962).

*Defendant's exception overruled.*

All concurred.