Grafton
No. 7966

THE STATE OF NEW HAMPSHIRE

v.

DONALD PERRON

April 7, 1978

*David H. Souter*, attorney general (*Richard B. McNamara*, assistant attorney general, orally), for the State of New Hampshire.

*Stebbins & Bradley*, of Hanover (*John S. Stebbins* orally), for the defendant.

### MEMORANDUM OPINION

Defendant was indicted under RSA 631:2 for aggravated assault. A trial by jury resulted in a verdict of guilty. During the course of the trial, the defendant seasonably excepted to the denials of his motions for a directed verdict of acquittal, and for the exclusion of certain photographic evidence. All questions of law raised were reserved and transferred by *Johnson*, J. We affirm.

 Defendant's first contention is that the State failed to offer sufficient proof to permit a jury to find guilt beyond a reasonable doubt. "On motions . . . for a directed verdict . . . , the evidence must be construed most favorably to the State." *State v. Breest*, 116 N.H. 734, 741, 367 A.2d 1320, 1326 (1976). An examination of the transcript discloses ample circumstantial evidence from which the jury could find guilt beyond a reasonable doubt. "The fact that the

evidence was circumstantial does not impair the verdict." *State v. Collins*, 117 N.H. 198, 199, 371, A.2d 1154, 1155 (1977). The denial of the motion for a directed verdict of acquittal was therefore proper.

■ Defendant's second contention is that the court erred in admitting into evidence color slides depicting injuries to the sixteen-month-old victim. He admits that under "normal circumstances" the admission or exclusion of photographs into evidence is in the discretion of the trial court. He claims, however, that the slides' probative value is outweighed by their inflammatory effect. We do not find any abuse of discretion and hold that the court could properly find, in its sound exercise of discretion, that the probative value of the slides outweighed the possible prejudice. *State v. Breest supra; State v. Hayward*, 114 N.H. 792, 330 A.2d 445 (1974).

*Exception overruled.*