Belknap
No. 82-276

THE STATE OF NEW HAMPSHIRE

v.

MARK W. DONOVAN

June 17, 1983

*Gregory H. Smith*, attorney general (*James D. Cahill, III*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BOIS, J.   The defendant was convicted of disposing of stolen property worth in excess of $1,000, a class A felony. RSA 637:7, I; RSA 637:11, I(a). The only question presented to us is whether the Trial Court (*Nadeau*, J.) erred in allowing into evidence testimony concerning a "missing" handgun when the defendant was not charged with either stealing or disposing of the weapon. We affirm.

On August 5, 1981, Paul Boulanger discovered that the components of his stereo system and a .357 caliber magnum Ruger revolver had been stolen from his home. William Donovan, the defendant's brother and a part-time police officer, testified that on August 5, 1981, the day of the alleged theft, the defendant offered to sell him a .357 magnum handgun as well as a stereo system, but that

he rejected the offer. The evidence revealed that on that same day, the defendant also offered to sell a stereo set to Gary Beaudet, who in turn purchased the stereo system, minus a reel-to-reel tape deck, from the defendant on the following day.

Approximately one month later, relatives and friends of the defendant reclaimed the stereo set from Beaudet and returned it to Boulanger, its proper owner. The State introduced the stereo components as exhibits at trial, and Boulanger identified the components as his property. The missing tape deck and the revolver were never recovered.

In this appeal, the defendant argues that the trial court committed reversible error in allowing the State to introduce evidence that Boulanger's .357 caliber magnum Ruger revolver was stolen at the same time as the stereo, and that the defendant knew Boulanger owned such a weapon and, in fact, was intimately familiar with the gun. Under RSA 637:7, I, the State was required to prove beyond a reasonable doubt that the defendant knew or believed that the stereo was stolen. The defendant concedes that the challenged evidence was relevant on this issue because it showed that, if the revolver had been presented to him along with the stereo, he would have recognized the gun as having been stolen from Boulanger and would therefore have known or believed that the stereo was also stolen. The defendant claims, however, that the evidence was unduly prejudicial because it suggested that he had stolen the gun and was a "bad man." We disagree.

■■ To determine the admissibility of evidence which is relevant and not objectionable on other grounds, the trial court should balance the potential prejudicial effect of the evidence against its probative value. *State v. Dustin*, 122 N.H. 544, 547, 446 A.2d 1186, 1188 (1982); *State v. Baker*, 120 N.H. 773, 775, 424 A.2d 171, 172–73 (1980). Here, as the defendant admits, the evidence concerning his familiarity with the handgun was probative with respect to his knowledge that the stereo was stolen. The trial judge, moreover, specifically instructed the jury that the evidence was to be considered only on that limited issue. *See State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). We cannot say that the suggestion, if any, that the defendant stole the stereo and the gun at the same time caused the jury to view him in a substantially more negative light than if the State had suggested that he stole the stereo only. We therefore conclude that the evidence was not unduly prejudicial and that the trial judge properly exercised his discretion in allowing

its admission. *See State v. Baker*, 120 N.H. at 775–76, 424 A.2d at 173.

*Affirmed.*

All concurred.