Rockingham
No. 82-503

THE STATE OF NEW HAMPSHIRE

v.

SHAWN LEUTHNER

April 6, 1984

*Gregory H. Smith,* attorney general (*Andrew L. Isaac,* assistant attorney general, on the brief and orally), for the State.

*Jeffco, May & Smart,* of Portsmouth (*Stephen T. Jeffco* on the brief, and *David Smart* orally), for the defendant.

DOUGLAS, J. The defendant was tried on two indictments, one for attempted murder and one for burglary. RSA 629:1; RSA 635:1. The jury found him not guilty on both indictments but convicted him of the lesser-included offense of first-degree assault. RSA 631:1 (Supp. 1981).

On this appeal, he argues that the Trial Court (*Wyman,* J.) committed reversible error by allowing irrelevant and highly prejudicial evidence to be presented to the jury. He also argues that the denial of his motion *in limine,* which allowed the State's rebuttal case to be presented, constitutes reversible error. Because we find that evidence which may have affected the verdict was improperly admitted, we reverse and remand the case to the superior court for a new trial.

On the evening of April 15, 1982, there were two fights between the defendant and Tommy Day. At the conclusion of the second fight, Day was taken to a hospital and treated for a stab wound. The main factual dispute at trial was which of the two youths carried and initiated the use of the knife which inflicted Day's wound. That knife was never recovered.

The State's case showed that the fight first occurred outside a neighborhood youth center. In that fight, the defendant was struck repeatedly by Day and another youth, Alain Brown. There was testimony that the defendant, at the conclusion of this fight, implored his sister to "give it to me." The referent of "it" was identified as a knife only by implication.

There was conflicting testimony about the source of the knife used in the second fight. Day and his aunt testified that the defendant burst into Day's home, brandished a knife, assaulted Day, and left. The defendant and his sister testified that the second fight occurred outdoors and that Day produced the weapon.

To support its contention that the defendant was the source of the knife used to wound Day, the State introduced the testimony of

Alain Brown that the defendant had threatened both him and Day after the first fight, and that he (Brown) had found one of his car's tires "slashed with a knife" shortly after he learned of Day's stabbing. The defendant then moved for a mistrial, and the court denied the motion.

The position of the trial court and the prosecution is that evidence of Alain Brown's flat tire was properly left before the jury to be given appropriate weight, any prejudice having been vitiated by defense cross-examination. In our view, however, the evidence in question fails to meet minimal standards of relevancy.

■ "Evidence is relevant if it tends in any way to establish a proposition which is of consequence in [the] action." *State v. Dustin*, 122 N.H. 544, 546, 446 A.2d 1186, 1188 (1982). The inferential jump from the existence of Brown's flat tire to the defendant's possession of a weapon is seductive but not logically permissible.

Evidence was presented of a fight between the defendant and Brown, threats by the defendant directed to Brown and a flat tire on Brown's car later in the evening. This chain of events does not show that the defendant was responsible for the flat tire on Brown's vehicle. As Brown testified, he was only guessing that a knife had been used to slash his tire and he was unable to say who had been near his car. We are asked to make two inferences from circumstantial evidence of a second distinct crime; first, that the defendant perpetrated that crime and, second, that the defendant's involvement in that crime shows that he carried a weapon used to commit the first crime, the assault.

The fallacy inherent in this chain of reasoning is apparent. Since the knife used in the stabbing of Day was never recovered, an alleged slashing incident discovered later that evening cannot demonstrate either that the same knife was used in both incidents or that the defendant initially produced the weapon in the earlier encounter with Day.

■ Admissibility initially depends on relevancy alone. Relevance has been analytically defined as "logical" or "legal." *See* 1 Wigmore, Evidence § 28 (3d ed. 1940); James, *Relevancy, Probability and the Law*, 29 Cal. L. Rev. 689, 701 (1941). Viewing the evidence in the light most favorable to the prevailing party, *State v. Eldridge*, 118 N.H 665, 665, 392 A.2d 155, 156 (1978), we apply the rules of logical relevance. *Cf. Hebert v. Railroad*, 90 N.H. 324, 328, 8 A.2d 744, 746 (1939); *State v. LaPage*, 57 N.H. 245, 288 (1876). "Implicit in the requirement of logical relevancy is a showing that the accused was actually involved in the other crime." Trautman, *Logical or Legal Relevancy—A Conflict in Theory*, 5 Vand. L. Rev.

385, 409 (1952). Under this standard, the flat tire on Brown's car is not logically relevant to the question whether the defendant carried a weapon prior to the fight with Day.

██ ██ When irrelevant evidence is improperly admitted, the critical question is "whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict." *State v. LaBranche*, 118 N.H. 176, 179, 385 A.2d 108, 110 (1978) (quoting *State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976)). "An appellate tribunal cannot read the jury's mind or speculate on the result that would have obtained had not this improper evidence been put on the scale against the defendant." *State v. LaBranche supra.* We cannot say this was harmless error and, therefore, remand for a new trial.

██ Because we remand for a new trial, a word must be directed to the prosecution's rebuttal case. That case involved testimony regarding an incident three weeks before the crime involved here, when the defendant allegedly passed a knife to his sister during a fight between his sister and another girl. It is not clear this testimony meets the criteria for the admittance of rebuttal testimony. "[T]he proper function and purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the adverse party." *State v. Donovan*, 120 N.H. 603, 607, 419 A.2d 1102, 1105 (1980) (quoting *United States v. Chrzanowski*, 502 F.2d 573, 576 (4th Cir. 1978)).

██ We view with skepticism the rationale advanced by the prosecution for the introduction of the rebuttal case. In the context of the entire case, the proof advanced by the State was not free of undue prejudice.

> "When in the prosecution of the defendant, counsel for the government introduces extrinsic evidence of defendant's misconduct, the only purpose of which is to impeach the defendant's credibility and prejudice the jury against him, the government on appeal will not ordinarily contend the methods which were used did not have the effect which they were obviously intended to have."

*United States v. Pisari*, 636 F.2d 855, 859–60 (1st Cir. 1981) (quoting *United States v. Ling*, 581 F.2d 1118, 1122 (4th Cir. 1978)).

*Reversed and remanded.*

All concurred.