Hillsborough
No. 85-550

### THE STATE OF NEW HAMPSHIRE

v.

### DAVID WALTERS

December 8, 1986

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

THAYER, J.   The defendant was found guilty of felonious sexual assault upon a fourteen-year-old boy, in violation of RSA 632-A:3. He was sentenced to three-to-six years in the New Hampshire State Prison. On appeal, the defendant claims that the Trial Court (*Dalianis*, J.) abused its discretion by admitting into evidence testimony concerning a December 22, 1982 newspaper article about pedophilia which was found in the defendant's wallet at the time of his arrest on June 2, 1984. We agree with the trial court that the challenged evidence was relevant to prove the defendant's possible motive and intent to commit the offense charged, and we therefore affirm.

On May 20, 1984, the minor victim went to the home of a friend in Nashua. On that day, the defendant, who had been living at the house for a short time, was the only one at home. The victim entered the house and began to watch a football game on television. The defendant entered the living room, pulled down the window shades and locked the door. He approached the victim and kissed him and told him he loved him. The defendant then ordered the victim to approach him, and he then engaged in sexual penetration through oral contact with the victim. The victim resisted by pushing the defendant away and shortly thereafter left the house.

After the incident was reported to Detective Isbill of the Nashua Police Department, an arrest warrant was issued for the defendant and he was brought to the police station. During the booking, Detective Isbill conducted a routine inventory of the defendant's property.

He discovered a newspaper clipping in the defendant's wallet entitled, "Gallery of Tragedy, Sex Ring Literature: A Litany of Sickness." It concerned pedophilia and the North American Man/ Boy Love Association. When questioned about the article, the defendant informed the police that it had been given to him by one of his counselors at the State Hospital. He further stated that his counselor told him to attend meetings at the hospital to discuss the article because this "would help him with the problem he has had in the past."

Prior to trial, the defendant filed a motion in limine to exclude all testimony and evidence pertaining to the newspaper article, as well as any statements made by the defendant at the time of his arrest regarding the article. The defendant argued that the article and statements were irrelevant and prejudicial since they tend to show, at most, his character and a predisposition to commit the offense. The defendant further argued that the remoteness of the article in time as compared to the date of the offense eliminated the probative value of the article. The trial court denied the motion as to the article itself and as to the defendant's statement that he has had a "problem" in the past, but granted the motion as to the defendant's statement that he acquired the article from his counselor at the New Hampshire Hospital. The defendant raises these same issues on appeal, arguing in addition that the trial court abused its discretion by allowing this evidence to be introduced at trial.

■■ It is well settled that evidence is relevant when it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401; *see also State v. Leuthner*, 124 N.H. 638, 641, 474 A.2d 1029, 1030 (1984). However, this court has also consistently held that whether or not to admit relevant evidence is within the sound discretion of the trial court. *See State v. Brooks*, 126 N.H. 618, 625, 495 A.2d 1258, 1263 (1985). Under the facts of this case the trial court, in making its determination, must also consider N.H. R. Ev. 403, which states in pertinent part, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."

■ In this case the court, in a thorough and succinctly written opinion, found that the defendant's act of carrying the article would be relevant to prove he had an opinion about the views contained therein, which would be material and probative of his possible motive and intent to commit the offense. The record also indicates that the court carefully considered the probative value of the chal-

lenged evidence in light of its potential for prejudice to the defendant. The trial court considered, in its entirety: the subject matter of the article, the circumstances of its discovery, the statements made by the defendant upon its discovery, and the offense charged. Since the trial court was convinced that the article, and the defendant's statement that he has had a "problem" in the past, were probative of the defendant's motive to commit the offense, *State v. Shackford*, 127 N.H. 695, 699–700, 506 A.2d 315, 317–18 (1986), the court denied the defendant's motion to exclude this evidence. N.H. R. Ev. 403. However, the court granted the defendant's motion to exclude evidence of the defendant's statement that he received the article from a counselor at the New Hampshire Hospital because it was not relevant to, or probative of, any motivations or intentions that the defendant's possession of the article tends to suggest. We are satisfied that the court considered all possible prejudice of the challenged evidence to the defendant in ruling specifically that its potential for prejudice did not substantially outweigh its probative value. *See State v. Baker*, 120 N.H. 773, 775, 424 A.2d 171, 172–73 (1980); N.H. R. Ev. 403.

■ We find no merit in the defendant's contention that the remoteness of the article's date of publication as compared to the date of the offense eliminates the article's probative value. It is not the date of the article itself that is relevant, but the date of the defendant's possession of the article that demonstrates his motive and intent at the time he committed the criminal act charged.

■■ The defendant bears the burden of developing a record from which an abuse of discretion may be predicated on appeal and of proving an abuse of discretion by the trial court. *State v. Staples*, 120 N.H. 278, 284, 415 A.2d 320, 323–24 (1980). Absent proof of an abuse of discretion, we will uphold the trial court's decision to admit the evidence in question. *State v. Brooks*, 126 N.H. at 625, 495 A.2d at 1263; *State v. Hamel*, 123 N.H. 670, 677, 466 A.2d 555, 559 (1983).

■■ To constitute an abuse of discretion reversible on appeal, the defendant must show that the trial court's ruling was "clearly untenable or unreasonable to the prejudice of his case." *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984). The defendant has failed to show that, under these circumstances, the trial court could not reasonably find that the challenged evidence was material and probative of the defendant's possible motive and intent to commit the offense and that its probative value was not substantially outweighed by the danger of unfair prejudice. *See State v. Brooks, supra* at 625, 495 A.2d at 1263; N.H. R. Ev. 403. Accord-

ingly, the defendant has failed to show an abuse of discretion warranting reversal.

*Affirmed.*

All concurred.