Hillsborough
No. 86-142

THE STATE OF NEW HAMPSHIRE

v.

PATRICK HOTCHKISS

April 3, 1987

*Stephen E. Merrill*, attorney general (*John S. Davis*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   The defendant, Patrick Hotchkiss, was found guilty of assault in the second degree, in violation of RSA 631:2, I, and sentenced by the Trial Court (*Dalianis*, J.) to three and one-half to seven years in the New Hampshire State Prison. During the trial, the State sought to introduce a photograph of the victim, a five-

week-old baby boy, lying in traction in his hospital crib. Over the defendant's objection, the court admitted the photograph. We agree with the trial court's ruling and, therefore, affirm the conviction.

On March 6, 1985, Chester Parents was living at the home of Helen Dudley, the mother of the victim. Parents heard the baby crying, and went into his room to check on him. As Parents left the room, the defendant went in. Parents witnessed the defendant intentionally assault the baby victim.

Dudley was not home during the assault. She had gone to a friend's house to get some cigarettes. Dudley was summoned home by a phone call from the defendant in which he indicated that the victim "had stopped breathin [sic]" and that Dudley should return home immediately. When Dudley arrived, the baby was breathing, but crying. When she held the child, she noticed that he screamed when his right leg was touched. Later, the baby was admitted to the hospital where he was placed in traction to correct "a complete fracture of the upper part of the femur right where it joins into the hip joint."

Two days after the assault, Robert Boisvert of the division for children and youth services visited the victim in the hospital. Boisvert took four photographs of the baby as he was lying in his crib in traction.

At trial, the State sought to introduce one of Boisvert's photographs over the defendant's objection. Boisvert indicated that he wanted to show the child in traction and to depict the bruise to the child's right thigh. The court admitted the photograph and, outside the presence of the jury, stated for the record that:

> "During the trial before recess, two issues arose that were discussed by counsel with me at the bench and which need some flushing out on the record. The first issue had to do with the admissibility of certain photographs; and of four proposed photographs, the State actually sought to offer only one. That is a photograph depicting the baby in traction in the hospital which was taken by Mr. Boisvert, the witness. The defense objected to the admission of that photograph, presumably on the basis that it, from the defense point of view, could have been nothing more than inflammatory and perhaps overly prejudicial. The State countered with the notion that it had to prove serious bodily injury, which, of course, is true in this case; and I elected to admit the photograph notwithstanding that there may be additional evidence concerning the extent of the injury to the child but based upon my determination that it

would perhaps be useful for the jury to get a look at the baby and to understand that they are dealing with a person here and not an abstract concept and that my instructions concerning prejudice and so forth would certainly take care of any possibility that there would be prejudice to the defendant simply from admission of the photograph."

The defendant presents three arguments on appeal: (1) that the trial court erred in admitting the victim's photograph into evidence, because it was irrelevant and not probative; (2) that the photograph was unduly prejudicial, and that the trial court abused its discretion in admitting the photograph because it did not weigh the photograph's probative value against its prejudicial effect; and (3) that the State used the photograph, during closing argument, solely to inflame the jury and, therefore, emphasized its prejudicial effect. The State asserts that the photograph was probative with respect to the issue of "serious bodily injury," a disputed element of the offense. Further, the State argues that the trial judge balanced the potential for prejudice which might result from the admission of the photograph against its probative value, found that the probative value was not substantially outweighed by the danger of unfair prejudice, and properly admitted the photograph into evidence.

■■ It is well-settled that evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401; *see also State v. Leuthner*, 124 N.H. 638, 641, 474 A.2d 1029, 1030 (1984). The trial court has broad discretion in admitting any evidence that is not otherwise specifically inadmissible. N.H. R. Ev. 401 reporter's notes.

■ In this case, the defendant was charged with a violation of RSA 631:2. The State had the burden to prove beyond a reasonable doubt that the defendant "[k]nowingly or recklessly caused serious bodily injury to another. . . ." RSA 631:2. The State offered the photograph as relevant evidence to prove the contested element of serious bodily injury, defined in RSA 625:11 as "harm to the body which causes severe, permanent or protracted loss or impairment to the health or of the function of any part of the body." The defendant's argument that the State did not have to prove serious bodily injury, because that element was stipulated to by the defendant, ignores the basic fact that the stipulation was not agreed to by the parties until after the photograph was admitted.

■ The court acknowledged the State's need to establish serious bodily injury and further indicated that the photograph was relevant, notwithstanding the fact that there might be additional evidence concerning serious bodily injury. The court sought to make clear to the jury that the subject of the case was a real person. We are satisfied that the court admitted the photograph pursuant to a finding of relevancy as required by Rule 401.

In addition to his relevancy argument, the defendant argues that the court abused its discretion in admitting the photograph because it was unduly prejudicial, and that the court did not weigh the prejudicial effect against the probative value, and failed to make a finding thereof. He argues that the photograph did nothing more than evoke sympathy from the jury, and served only to inflame them. We disagree.

■ It is a matter of judicial discretion whether to admit relevant evidence after determining that the probative value is not substantially outweighed by the danger of unfair prejudice. N.H. R. Ev. 403; *State v. Brooks*, 126 N.H. 618, 625, 495 A.2d 1258, 1263 (1985). The court here, in exercising its broad discretion, balanced the probative value of the photograph against the danger of unfair prejudice. N.H. R. Ev. 403; *see State v. Perron*, 118 N.H. 245, 246, 385 A.2d 225, 225 (1978). During the statement after the colloquy, the court articulated the defendant's objection regarding the possible inflammatory and prejudicial nature of the photograph and weighed this factor against the State's need to prove the contested element of "serious bodily injury." *See* RSA 631:2; RSA 625:11, VI. The trial judge further determined that the photograph could only aid the jury in its deliberation, and indicated that her instructions to the jury would eliminate any possibility that there would be prejudice to the defendant from the admission of the photograph.

■ Considering the statement as a whole, it is clear that the court repeatedly considered the prejudice to the defendant. Although the court did not expressly state, for the record, its finding that prejudicial effect did not substantially outweigh probative value, it impliedly made such a finding by admitting the photograph into evidence. While, in the future, it would be advisable for the trial court to make such a finding on the record, we cannot say that the court's failure to do so, in this instance, was an abuse of discretion.

■ To constitute an abuse of discretion reversible on appeal, the defendant must demonstrate that the ruling of the trial court was "clearly untenable or unreasonable to the prejudice of his case." *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984). The

defendant has failed to show that the court abused its discretion in admitting the photograph. The photograph merely demonstrated the age and size of the infant victim, illustrated the fact that he was place in traction during recovery, and vaguely depicted the bruise to his right thigh. The photograph was admitted because it was relevant and because it "aid[ed] in making clear to the jury oral descriptions of the [baby's] injuries." *State v. White*, 105 N.H. 159, 162, 196 A.2d 33, 35 (1963), *cert. denied*, 379 U.S. 854 (1964).

The defendant chose his baby victim and committed an act which resulted in a serious bodily injury. He cannot now claim that the admission of evidence of his crime is so prejudicial that the jury should not be afforded an opportunity to view the results of the injuries, which he inflicted, because the evidence may inherently evoke sympathy, regardless of its probative value. The defendant's position, if accepted, would prevent the State from ever proving a case involving conduct which would evoke sympathy for the victim on the part of the trier of fact. The defendant has failed to demonstrate that the court could not reasonably find that the probative value of the disputed evidence was not substantially outweighed by the danger of its unfair prejudice. *See State v. Walters*, 128 N.H. 783, 786, 519 A.2d 305, 306–07 (1986). He has, therefore, failed to show an abuse of discretion sufficient to meet the standard for reversal set out in *State v. Whitney supra*.

Finally, the defendant argues that the State used the photograph, during closing argument, solely to inflame the jury and, therefore, emphasized its prejudicial effect. Since the trial court properly admitted the photograph into evidence because it was relevant and because its probative value was not substantially outweighed by its prejudicial effect, the State was permitted to make accurate references to it. *See* N.H. R. Ev. 403.

*Affirmed.*

All concurred.