Carroll
No. 2004-045

THE STATE OF NEW HAMPSHIRE

v.

BRUCE BLOMQUIST

Argued: November 10, 2005
Opinion Issued: February 14, 2006

*Kelly A. Ayotte*, attorney general (*Simon R. Brown*, senior assistant attorney general, on the brief and orally), for the State.

*Andrew Winters*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DUGGAN, J. The defendant, Bruce Blomquist, appeals his convictions after a jury trial in the Superior Court (*O'Neill*, J.) for attempted murder of George Frechette, *see* RSA 629:1 (Supp. 2005); RSA 630:1-a (1996); first-degree assault, *see* RSA 631:1 (1996); and second-degree assault, *see* RSA 631:2 (1996), of Jolene Frechette; and burglary, *see* RSA 635:1 (1996). We affirm.

The jury could have found the following facts. On June 2, 2002, at approximately 4:30 a.m., Jolene Frechette awoke to see the defendant holding a knife and standing over her sleeping husband, George Frechette. As the defendant said, "George," Jolene screamed, jumped off the bed and threw herself at the defendant. The defendant stabbed both Jolene and George. George put up his hands and yelled for Jolene to get Penny, their adult daughter, and leave the house.

After the defendant stabbed George three times, George noticed that the knife no longer had a blade. George got out from under the covers and pushed the defendant against a bureau. As they wrestled, George managed to grab the defendant's throat and choke him. George dragged the defendant down a hallway, slammed his head into a sliding glass door rendering him unconscious, and threw him outside onto the ground.

The Frechettes were taken by ambulance to the hospital. Both had serious injuries, received emergency surgery and remained in the hospital for several days. The defendant was arrested approximately an hour and a half later.

The defendant and George Frechette had lived next door to one another growing up and had known one another for more than thirty years. In 2001, the defendant was living next door to the Frechettes at the home of his sister and her husband. A boundary line dispute arose in which the defendant became involved. At one point, George felt the defendant was trying to extort money from him and called the police. The State argued at trial that the defendant's attack on George was motivated by a longstanding grudge, stemming in part from the boundary dispute.

At trial, the defendant asserted a defense of insanity. A psychologist testified for the defendant that, as a result of chronic alcoholism, the defendant had abnormal functioning of the frontal part of his brain. The

State called a neuropsychologist who testified that the frontal system of the defendant's brain appeared intact and functioned overall within the average range. The State's chief forensic psychiatrist testified that the defendant had a mixed personality disorder, but that the defendant's conduct was not the product of a mental disease or defect. At the conclusion of the six-day trial, the jury rejected the insanity defense and convicted the defendant on all charges.

The defendant raises two issues on appeal. First, he argues the trial court should have instructed the jury on the lesser-included offense of first-degree assault on the charge of attempted murder of George Frechette. Second, he argues that, because the defendant has the burden of proof on the issue of insanity, he was entitled to make his closing argument after the State.

Before considering the merits of the lesser-included offense issue, we must address the State's argument concerning issue preservation. *State v. Parra*, 135 N.H. 305, 308 (1992). At trial, the defense requested an instruction on first-degree assault as a lesser-included offense to the attempted murder charge. The State objected and the trial judge took the matter under advisement, telling counsel he would "let them know tomorrow." The record does not reflect any further discussion of the request; nor did the trial judge give the requested instruction.

In its brief, the State argues that the defendant's request for a lesser-included offense instruction was limited to first-degree assault as defined by RSA 631:1, I(b) ("purposely ... causes bodily injury to another by means of a deadly weapon") and that the defendant did not request an instruction under RSA 631:1, I(a) ("purposely causes serious bodily injury to another"). We agree. The defendant's trial counsel stated at trial that the factual predicate for the instruction was that the defendant used a deadly weapon and acted purposely. This request mirrors the language of 631:1, I(b) and not RSA 631:1, I(a). Thus, the only issue preserved is whether the court should have given an instruction on the lesser-included offense of first-degree assault under RSA 631:1, I(b).

A different preservation question arose at oral argument when both counsel were questioned about whether the failure of the defendant's trial counsel to raise the issue of the lesser-included offense after the trial court took the matter under advisement completely precludes appellate review of the lesser-included offense instruction issue. Counsel for the State, who was also the prosecutor at trial, said that he was not taking the position that the lesser-included offense issue was not preserved because he was "almost certain" that the trial judge had ruled on the instruction in an off-the-record colloquy. His recollection is consistent with the trial judge's statement that he would let counsel know of his ruling on the next day.

Counsel for the State stated that the only preservation issue raised by the State is whether the defendant requested an instruction on both subsections (a) and (b) or on subsection (b) alone. In light of the State's position, we will not address whether the defendant completely forfeited the lesser-included offense issue by failing to later object on the record to the court's ruling. *See Parra*, 135 N.H. at 307-08 (claim of error adequately preserved for appeal where "evidence shows that the parties and judge proceeded as though the issue were properly before the trial court").

The concurring opinion chooses to address this preservation issue, citing *Bean v. Red Oak Property Management*, 151 N.H. 248, 250 (2004), for the proposition that we may address the preservation issue regardless of whether the opposing party objected on that ground. Unlike *Bean*, however, where the opposing party on appeal did not address the preservation issue in any manner, here the State affirmatively declined to assert the preservation issue—counsel for the State affirmatively represented to this court that he was "almost certain" that the issue in question was preserved below. While the concurring opinion would give no weight to counsel's representation, we believe that under the circumstances of this case, we may properly consider it. Our rules encourage parties to reach agreements of fact in lieu of the record. *See* SUP. CT. R. 13(6). Indeed, courts generally look with favor upon agreements made in a judicial proceeding by the parties or their attorneys, and such stipulations should be encouraged by the courts. *See* 83 C.J.S. *Stipulations* §§ 2-3 (2000). Like the concurring opinion, we do not doubt the word of counsel for the State as to his recollection. Because it is apparent that both parties agree that the defendant preserved this issue for review, we see no reason not to treat the parties as having entered into an agreement of fact that we may consider.

The defendant urges us to hold that he was entitled to a lesser-included offense instruction because first-degree assault is the "same offense" as attempted murder for purposes of double jeopardy. He argues that under a double jeopardy analysis, "The same evidence that the State offered to prove that Blomquist attempted to murder George also established that he committed first degree assault against George . . . by purposely . . . causing bodily injury by means of a deadly weapon." *See State v. Hutchinson*, 137 N.H. 591, 596 (1993) (double jeopardy bars prosecution for first-degree assault and attempted murder where each indictment alleged the same conduct).

We decline the defendant's invitation to inject a double jeopardy analysis into the lesser-included offense analysis. To do so would create

uncertainty in an area of law that is well-settled and straight-forward. The lesser-included offense analysis has two requirements:

> First, the lesser offense must be embraced within the legal definition of the greater offense. This requires a comparison of the statutory elements of the offenses in question without reference to the evidence adduced at trial. Second, the evidence adduced at trial must provide a rational basis for a finding of guilt on the lesser offense rather than the greater offense.

*State v. Watkins*, 148 N.H. 760, 765 (2002) (quotation omitted).

With respect to the first requirement, the elements test, "it is not enough that the evidence offered by the prosecution to prove the charged offense would also be sufficient to prove the lesser offense; rather, to be necessarily included in the offense charged, the lesser offense must be embraced within the legal definition of the greater offense." *State v. Hall*, 133 N.H. 446, 449 (1990).

■ Applying the elements test to the first-degree assault elements under RSA 631:1, I(b), first-degree assault is not a lesser-included offense of attempted murder. First-degree assault under RSA 631:1, I(b) requires proof that the defendant used a deadly weapon. Attempted murder requires no such proof. *See* RSA 629:1; RSA 630:1-a. Accordingly, because use of a deadly weapon is not embraced within the legal definition of attempted murder, first-degree assault under RSA 631:1, I(b) is not necessarily included in attempted murder. The trial court correctly ruled that the defendant was not entitled to a lesser-included offense instruction on first-degree assault under RSA 631:1, I(b).

We next consider whether the trial court erred by denying the defendant's request to make a closing argument after the State on the issue of insanity, when the defendant bore the burden of proof on that issue. Prior to the trial, the defendant filed a Motion For Altered Trial Procedure, seeking to have the State present its closing argument first and to have the defendant close last. In the alternative, he sought to present a rebuttal closing on the issue of insanity after the State's closing. The trial court denied the motion and did not allow the defendant to make a rebuttal argument.

■ We note here that the defendant could have argued last if he had opted for a bifurcated trial. At a bifurcated trial, the issues of guilt and sanity would have been decided at separate proceedings. *See State v. Baker*, 120 N.H. 773, 778 (1980). In the guilt phase, the State would usually make its closing argument last because it has the burden of proof. *See State v. Garceau*, 118 N.H. 321, 324 (1978). Similarly, in the sanity phase,

the defendant would usually make his closing argument last because he has the burden of proof. *See id.* However, in a non-bifurcated trial, the State will generally make its closing argument last because it has the burden of proving the defendant's guilt. *See Baker,* 120 N.H. at 777. Absent an unsustainable exercise of discretion, a criminal defendant in a non-bifurcated trial has no right to present the last closing argument even if he bears the burden of proof with respect to the defense of insanity. *See State v. Sundstrom,* 131 N.H. 203, 208 (1988); *cf. State v. Lambert,* 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). Thus, here, where the defendant waived his right to a bifurcated trial, he had no right to present the last closing argument on the issue of insanity.

*State v. Baker* is directly on point. There, the defendant was charged with attempted murder of his wife. *Baker,* 120 N.H. at 774. He entered a plea of insanity and waived his right to a bifurcated trial. *Id.* He was convicted and, on appeal, claimed that he should have been allowed to make his closing argument last. *Id.* at 776-77. We disagreed, recognizing that, "the order of closing arguments is committed to the trial court's discretion and the court's exercise of this discretion will not be set aside except for manifest abuse. The defendant had no right to close even though he bore the burden of proof with respect to his insanity defense." *Id.* In *Baker,* we held that there had been no showing that the court's decision to permit the State to close was unduly prejudicial to the defendant, and we concluded that the trial court did not commit an unsustainable exercise of discretion in denying the defendant's request to argue last. *Id.; cf. State v. Lambert,* 147 N.H. at 296.

The defendant argues that *Baker* is distinguishable because the defendant in that case sought to give his entire closing argument after the State had closed, while here he sought only to make a rebuttal closing argument on the issue of insanity. However, we rejected this distinction in *Sundstrom,* 131 N.H. at 208. There, the defendant had waived his right to a bifurcated trial and argued that he should have been permitted "to argue the insanity defense after the State's closing argument." *Id.* We upheld the trial court's reasoning that, "absent bifurcation, the requested order of arguments would tend to confuse the jury." *Id.* at 206. We held that the trial court did not err by denying the defendant the opportunity to make a rebuttal closing argument solely on the issue of insanity. *Id.* at 208.

Finally, the defendant asks us to overrule *Baker.* He argues that a 1987 amendment to RSA 628:2 (1996), which heightened the defendant's burden of proving insanity from preponderance of the evidence to a clear and convincing standard, enhances the importance of allowing the

defendant asserting an insanity defense to present his closing argument last. *See State v. Blair*, 143 N.H. 669, 673 (1999). We disagree. The statutory amendment does not alter our holding in *Baker* because the State still has the burden to prove guilt before the insanity defense becomes applicable.

Applying *Baker* to the present facts, we find that the defendant suffered no undue prejudice by not closing last on the issue of insanity and the trial court acted within its discretion. *Cf. Baker*, 120 N.H. at 777.

*Affirmed.*

DALIANIS and GALWAY, JJ., concurred; BRODERICK, C.J., concurred specially.

BRODERICK, C. J., concurring specially. I concur with the majority's affirmance of the defendant's convictions in this case. I write separately, however, because I do not believe that the defendant preserved his argument concerning the requested jury instruction. Consequently, I would not reach the more specific preservation question the majority addresses—whether the defendant preserved an argument for a jury instruction under RSA 631:1, I(b), but not I(a). As such, I voice no opinion with regard to the majority's subsequent substantive analysis of that issue.

Arguing that first-degree assault is a lesser-included offense of attempted murder, the defendant contends that the trial court erred when it failed to instruct the jury on the former offense. As related by the majority, the defendant requested a lesser-included offense instruction, to which the State objected. After hearing both parties, the trial judge stated that he would "take that question under advisement [and] let you know tomorrow when you come in." The next day, the trial judge instructed the jury, but did not include the defendant's requested instruction on the lesser-included offense. Immediately after instructing the jury, the trial judge asked both counsel: "Other than what is on the record, anything else?" The State replied in the negative; defense counsel responded, "Satisfied, Your Honor." The record is otherwise silent as to any other statements or objections by either party, or any colloquy with the trial judge regarding jury instructions.

At oral argument, the State agreed that, under a "straight reading of the record," the issue was not preserved. Counsel for the State continued that he did not "have a firm memory, but I'm almost certain" that the trial judge had given prior notice to both parties as to whether he was going to give the requested instruction. In response to further questioning as to whether he recalled the defendant preserving the issue at an off-the-

record colloquy, counsel for the State replied, "I can't say that. . . . It's a very vague memory, but I'm almost certain that would have happened."

The majority decides not to address whether the defendant "completely forfeited the lesser-included offense issue by failing to later object on the record to the court's ruling," because the State did not raise the issue and because counsel for the State was "almost certain" that the trial judge had ruled on the requested instruction in an off-the-record colloquy. I do not doubt the word of counsel for the State as to his recollection. Such recollection, however, should not influence our preservation analysis.

> It has been long recognized in this jurisdiction that a specific, contemporaneous objection is required to preserve an issue for appellate review. This requirement is grounded in both judicial economy and common sense, affording the trial court the opportunity to correct an error it may have made, or clearly explain why it did not make an error. Providing the trial court with the opportunity to correct error is particularly appropriate where an alleged error involves a jury instruction.

*Berliner v. Clukay*, 150 N.H. 80, 82-83 (2003) (citations, quotations, and brackets omitted). The requirement applies equally to civil and criminal matters. *State v. Ainsworth*, 151 N.H. 691, 694 (2005). In addition:

> It is the burden of the appealing party . . . to provide this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues before the trial court. . . . [F]ailure of the moving party to comply with these requirements may be considered by the court regardless of whether the opposing party objects on those grounds.

*Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004); *see* SUP. CT. R. 13(2); *Reynolds v. Cunningham, Warden*, 131 N.H. 312, 314 (1988) ("[T]he petitioner bears the burden of demonstrating that he objected in the appropriate forum . . . .").

Here, we have no record of an objection by the defendant to the decision of the trial judge not to give the requested instruction, either during the initial discussion of the proposed instructions by the trial judge and opposing counsel, subsequent to the judge's instructions to the jury, or during a colloquy of which counsel for the State has a vague memory. Instead, we have a record reflective only of the defendant's initial proposal for an instruction on a lesser-included offense, and a subsequent declaration of satisfaction with the instructions given to the jury. *See Ainsworth*, 151 N.H. at 694 (argument that trial court should have given jury instruction not preserved where defendant did not contemporan-

eously object before trial court, but indicated satisfaction with instructions as given).

The situation presented here is significantly different from that addressed in *State v. Parra*, cited by the majority. In *Parra*, the defendant appealed his conviction of aggravated felonious sexual assault, contending that the trial court erred by excluding evidence that the victim had been sexually assaulted on a previous occasion. *State v. Parra*, 135 N.H. 306, 307-08 (1992). The defendant had filed a pretrial motion to introduce this evidence, asserting that the evidence was relevant with regard to credibility to test the victim's ability to fabricate a detailed incident of sexual abuse. A hearing was held on the motion, but no stenographer was present. On appeal, the defendant argued that the evidence should have been allowed in order to attack the medical evidence used to corroborate the victim's trial testimony. Arguing that the defendant had not preserved this issue for appeal, the State correctly noted that nothing in the pretrial motion had alerted the trial court to the defendant's desire to introduce the evidence for the latter reason. *Id.* at 308.

In holding that the issue was adequately preserved for appeal, we noted the following. First, the record included the defendant's motion to set aside the verdict, in which he referred back to both his pretrial motion and the hearing thereon. Second, in his post-trial motion, the defendant represented that he had argued, at the pretrial hearing, the need for the evidence of prior sexual assault to rebut the medical evidence as a distinct ground for admissibility. Third, the State objected on the merits to the motion to set aside the verdict, but did not dispute the defendant's representation. Finally, the trial court considered the merits of the issue in its order on the defendant's post-trial motion. Consequently, both the State and the trial court had, in the record, effectively ratified the defendant's representation in his motion to set aside. As such, the record demonstrated that both the parties and the trial judge had proceeded as though the issue was properly before the trial court. *Id.* at 308-09.

Here, there is nothing in the record to indicate that the defendant objected either to the trial judge's decision not to give the requested instruction, or to the jury instructions as given. While the State is not arguing the overall preservation issue, there is nothing in the record to indicate that the trial judge had proceeded as though the issue was properly before the trial court. The record is also silent as to whether the trial judge ever informed the parties that he had decided not to give the requested instruction prior to actually instructing the jury.

I recognize that an additional contemporaneous objection is not required when counsel has made an earlier objection concerning the same issue. *See, e.g., State v. Simonds*, 135 N.H. 203, 205 (1991) (defendant need not

object contemporaneously when prior bad acts evidence admitted at trial, when objection to admissibility of such evidence made during pretrial hearing). Here, however, the record is silent regarding any objection at any time by the defendant, and any ruling by the trial court prior to actually instructing the jury.

*Berliner v. Clukay* is instructive. There, the defendant challenged the permissive nature of the trial court's jury instructions and contended that his proposed jury instructions, which the trial court refused to give, would have provided the requisite guidance. The record showed that the issue underlying the proposed instructions was explored during a chambers conference at the conclusion of the evidence, the day before final argument, and that counsel and the court reviewed the proposed instructions. The record did not indicate that defense counsel and the court reached any agreement on the instructions, and the chambers conference concluded with an expressed intent to reconvene the next day to allow counsel to place their objections on the record. *Berliner*, 150 N.H. at 82-84. The following day, the trial court specifically invited counsel, before it instructed the jury, to comment on its draft instructions. Defense counsel raised no objection to the court's draft instructions, which included the instruction the defendant claimed on appeal was erroneous. Likewise, following the trial court's charge, defense counsel made no objection to either the court's instructions or its failure to use the specific instructions submitted. *Id.* at 84. In holding that the defendant had not preserved his argument that the trial court had misinstructed the jury, we decided that defense counsel had failed to alert the trial court to any disagreement she had with the charge and stated:

> We acknowledge that defense counsel discussed the [underlying issue] with the trial court in chambers the day prior to the jury charge and articulated general concerns about an appropriate standard to guide the jury's [choice concerning that issue]. She, however, never formalized an objection. A chambers discussion directed at persuading the court to craft or utilize a proposed instruction, without more, or to adopt a specific view of the applicable law does not constitute a specific, contemporaneous objection. Exchange of views on the law, however cogent or well-intentioned, cannot substitute for a formal objection, unless an objection is plainly expressed. None is evident on the record before us.

*Id.* (quotation omitted).

Finally, I also agree with the majority's conclusions concerning the defendant's contention that, with regard to the issue of insanity, he was

entitled to make his closing argument after the State. In response to the defendant's request that we overrule *State v. Baker*, 120 N.H. 773 (1980), I note that *Baker* has proven to be neither "unworkable [n]or badly reasoned," *Providence Mut. Fire Ins. Co. v. Scanlon*, 138 N.H. 301, 304 (1994). As the statutory amendment cited by the defendant does not alter our holding in *Baker*, its viability has not changed.