Merrimack, }
June 29, 1905. }

### SEELY v. MANHATTAN LIFE INSURANCE CO.

The fact that the prevailing party was permitted to make the closing argument does not furnish cause for setting aside a verdict, unless it appears that injustice resulted from the ruling.

A letter written by an agent of a life insurance company to a person insured, which fails to state that the policy will be void unless the premium is paid to the corporation or its duly authorized agent on or before the day it falls due, is not admissible to prove the mailing of the notice required by the statute of New York as a condition precedent to forfeiture for non-payment of premium.

The improbability that suit would be brought upon a claim known to be unfounded may be urged in argument in support of the plaintiff's credibility as a witness in his own behalf.

ASSUMPSIT, on a life insurance policy. Plea in confession and avoidance, admitting the policy, but alleging that it was subject to a condition of forfeiture for non-payment of premium provided notice was given in accordance with the New York statute, that notice of a semi-annual premium due February 25, 1894, was given as required by said statute by mailing a notice at New York City on January 20, 1894, and a like notice at Albany, New York, on the same day, and that the plaintiff failed to pay such premium, whereby the policy became forfeited and void. No replication was filed. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1903, of the superior court by *Young, J.*

The defendants opened the case to the jury and produced proof of the non-payment of the premium and of the forfeiture. After they had rested, the plaintiff offered evidence upon these questions. At the close of all the evidence, the court denied the de-

fendants' request that they be permitted to make the closing argument, and ruled, both as a matter of law and in the exercise of discretion, that the plaintiff was entitled to make the closing address to the jury.    To this ruling the defendants excepted.

The only question submitted to the jury was: Did the defendants put a notice, similar to the one that has been read to you, in an envelope properly stamped and duly addressed to John S. Seely, Brainardsville, New York, and mail it at or about the time they say it was mailed?    The court charged the jury that the burden of proof upon the question was on the plaintiff.    The notice referred to purports to have been sent by the secretary of the defendant company from its New York office, and reads as follows: "Notice is hereby given, pursuant to chapter 690 of the Laws of New York, 1892, that the premium on policy No. 87,886, amounting to $22.09, will fall due and be payable to the company at its office in the city of New York, on the 25th day of February, 1894. And unless such premium shall be paid to the company, or to a person authorized to collect such premium, holding the company's receipt therefor, by or before that day, the policy and all the payments thereon will become forfeited and void except as to the right to a paid-up policy."

The defendants called as a witness one Herschberger, who testified that in January, 1894, he was the agent of the defendants at Albany, New York, and that a renewal receipt covering the semiannual premium due February 25, 1894, on the Seely policy was sent to him at that time in order that he might collect the premium. They also offered to show by the witness that he addressed to John S. Seely, at Brainardsville, New York, and mailed to him postage paid on or about January 20, 1894, the following notice:

"Agency of the Manhattan Life Insurance Company, at 22 North Pearl St., Albany, N. Y.

"Sir: The premium on policy No. 87,886 on the life of J. S. Seely will be due on the 25th day of February, 1894, and unless paid the policy will expire on that date.    The company's receipt has been sent to me for collection.

"H. I. Herschberger, Agent.

"Premium cash, $22.09."

The evidence was excluded on the ground that the notice did not comply with the statute of New York (N. Y. Laws 1892, *c.* 690, *s.* 92), and the defendants excepted. They also excepted to the exclusion of other evidence, and to certain remarks of the plaintiff's counsel in closing argument.

*Napoleon B. Hale* and *Martin & Howe*, for the plaintiff.

*Streeter & Hollis*, for the defendants.

Bingham, J. It may be doubtful upon which party the burden of the issue raised by the plea rested. It was ruled at the trial that it was upon the plaintiff. No exception was taken to this ruling. The plaintiff was permitted to make the closing argument, the defendants' request to do so having been denied. This denial was made by the trial judge as a matter of law and in the exercise of his discretion. If it was a matter of discretion and not of strict legal right, it is unnecessary to consider upon whom the burden of the issue rested. The inquiry therefore arises whether the privilege of making the closing argument is a matter of strict legal right, or one of discretion; and if the latter, whether the case presents such a failure of justice as to warrant setting aside the verdict in favor of the plaintiff.

This question was first considered in this state in the case of *Judge of Probate* v. *Stone*, 44 N. H. 593, and it was held that as the ruling of the trial court giving the prevailing party the opening and close was erroneous, the presumption was that the party against whom the ruling was made had suffered in consequence of the error, and that " the verdict must be set aside." This decision was approved by a majority of the court in the later case of *Boardman* v. *Woodman*, 47 N. H. 120, *Doe*, J., dissenting. In the dissenting opinion (*pp.* 143, 144) it is said that " a verdict is not disturbed on the ground that the wrong party was permitted to open or to close, unless it clearly appears that some substantial injury has resulted;" that " the order of argument is a matter of practice, relating to the conduct of trials, and not a principle of law governing the rights to be established by trials, and it is within the discretion of the court, whose ruling is not reversed unless it has produced actual injustice."

In *Hardy* v. *Merrill*, 56 N. H. 227, *Foster*, J., after discussing this question and referring to the dissenting opinion in *Boardman* v. *Woodman*, says (*p.* 234): "I think the court would hardly be justified in entertaining a discretion which should operate in conflict with the general rule and practice in matters of this kind," apparently approving the decision in *Judge of Probate* v. *Stone*.

In 1878, the same question arose in *Schoff* v. *Laithe*, 58 N. H. 503. In this case the plaintiff was allowed to open and close, on condition that he would assume the burden of proof; and a verdict having been rendered in his favor, it was held that " a verdict is not set aside on the ground that the prevailing party was allowed to open and close, unless it is shown that the other party has suffered actual injustice." Here the presumption advanced in *Judge of Probate* v. *Stone*, that the defeated party has suffered an injustice warranting the setting aside of a verdict against him when the ruling is erroneous, was done away with, and the views pre-

sented in the dissenting opinion in _Boardman_ v. _Woodman_ were adopted.

In _Amoskeag Mfg. Co._ v. _Head_, 59 N. H. 332, 336, 337, _Doe_, C. J., said : " It may be doubtful in this case to which party the opening and close would be given by the general rule. . . . And a failure of justice not being shown as the result of the ruling on this point, the ruling is no cause for a new trial. . . . An unfair advantage, supposed to be gained in some jurisdictions by the party having the close, is a right of presenting argument to which the other party cannot reply. But in our practice there is no such advantage. If the party who has not the close ought to be allowed to reply, his motion for leave to reply is granted. The party having the close makes the final reply, but he does not gain the advantage of an unfair trial by confining his adversary to one argument. A fair trial is the legal right of each party. And such a trial may require that the party who has not the close should have an opportunity to answer an argument by which he is surprised, or to offer a suggestion which he inadvertently omitted."

The rule laid down in _Schoff_ v. _Laithe_ has been followed in the decisions of this court for the past twenty-six years, and must now be regarded as the law of the state. _Amoskeag Mfg. Co._ v. _Head_, _supra; Hilliard_ v. _Beattie_, 59 N. H. 462, 464 ; _Patten_ v. _Cilley_, 67 N. H. 520, 528.

Considered in the light of these decisions, the facts reported in this case do not disclose that injustice was done the defendants by the ruling on this point. For all that appears, they had every opportunity accorded them to answer any arguments by which they may have been surprised, or to offer suggestions which they may have inadvertently omitted. And the ruling of the court placing the burden of proof upon the plaintiff relieved them from sustaining the burden which they should have borne if they were entitled to the closing argument.

Nothing new is presented by the exception to the exclusion of the Brown affidavit. The reasons for its exclusion were sufficiently set forth in the opinion previously rendered. _Seely_ v. _Insurance Co._, 72 N. H. 49, 55, 56.

The Herschberger notice was properly excluded. While it met some of the requirements of the New York statute (N. Y. Laws 1892, _c._ 690, _s._ 92), it failed to comply with the provision that " the notice shall also state that unless such premium, . . . then due, shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium, by or before the day it falls due, the policy and all payments thereon will become forfeited and void except," etc. The notice simply informed the insured that his policy would expire the day the premium

became due, unless paid to H. I. Herschberger, agent, at 22 North Pearl Street, Albany, New York; whereas to work a forfeiture, under the statute, it should have notified him that the policy would become forfeited and void unless the premium was paid, on or before the day it fell due, "to the corporation or to a duly appointed agent or person authorized to collect such premium." The notice not having contained all the information made essential by this provision of the statute, it is unnecessary for us to consider the plaintiff's contention that the words of the statute must be followed in framing notices in the ordinary cases of insurance contracts, for the reason that they are readily capable of being used in such cases and are unmistakable in meaning. *Phelan* v. *Insurance Co.*, 113 N. Y. 147, 150; *Schad* v. *Assurance Co.*, 11 N. Y. App. Div. 487, 489, approved in 155 N. Y. 640; *McDougall* v. *Society*, 135 N. Y. 551.

In the course of his argument counsel for the plaintiff said: "I might say a thing here which is common sense, and that is all evidence is anyway. If Mrs. Seely knew that policy was void by non-payment of the premium on the twenty-fifth of February, she wouldn't probably come into court here and contest it. If a person knows that their claim isn't well founded,—that they have got no claim,—I submit to you they wouldn't ordinarily come in here and make a claim for it." To these contentions as matter of argument the defendants excepted. No reference was made to the alleged error in the charge.

Whether from facts in proof a particular inference can be drawn, is a question of law. *Mitchell* v. *Railroad*, 68 N. H. 96. The question here presented is whether in the argument of counsel the jury were requested to draw an inference which could not be drawn as matter of law. No argument or consideration is necessary to sustain the proposition that the prosecution of a suit by the plaintiff is not a legal reason why he should have judgment in his favor. It is not probable that counsel attempted to maintain such a proposition, or that the court by failure to refer to such a claim, if made, would tacitly indorse it as the law of the case, or that the jury would so understand language capable of any other interpretation. Neither is the language used open to such a construction; for the inference the jury were asked to draw was not that the plaintiff had a good cause because she came into court with it, but that she did not know she had none. Her knowledge as to the validity of her claim when commencing suit may not be material upon her right to recover, but it does not follow that questions of fact may not arise in the course of the trial upon which such knowledge or otherwise may have some bearing. The only issue submitted to the jury was whether the defendants had

mailed to the deceased the notice required to entitle them to declare the policy forfeited for non-payment of premium. If such notice did not come to the deceased through the post-office, that fact had some tendency to contradict the defendants' claim that it had been mailed. The plaintiff was herself a witness upon this question. Whether she told the truth was a material issue in the case, and counsel had the right to urge upon the jury any considerations tending to support her credibility. Whether, if she had seen in her husband's possession or found among his papers the notice in dispute establishing the invalidity of the policy, she would have engaged in a hopeless contest with the defendants, is a consideration bearing with some weight upon the truth of her story that she knew of no such notice. If there were other grounds irrespective of the notice upon which she may have expected she might recover, such consideration might furnish a sufficient argument in answer to the claim of her counsel. But a party is not debarred from urging an inference of fact which may be drawn, because it may be successfully answered. Whether either inference shall be drawn, and whether one inference successfully answers or defeats the other, is for the jury. As there was an issue in the case to which the argument of counsel might properly apply, and as it was not shown that the argument was applied to an issue to which it did not relate, the exception must be overruled.

The other exceptions to the argument of counsel do not require extended consideration. There was evidence that the secretary of the company, Mr. Gifford, had something to do with the Seely policy since he signed it, though he had nothing to do with the notice. If the remark objected to could be properly understood as including Gifford as one of the parties to the making and mailing of the notice, it does not appear to have been more than an inadvertent misstatement of an immaterial matter of testimony which the jury had heard. The reference to the fact that the case was interesting to the plaintiff, though dry to others, does not appear to have been intended to mislead the jury and improperly invoke their sympathy in such a manner as to require the verdict to be set aside. *Gilman* v. *Laconia*, 71 N. H. 212.

*Exceptions overruled.*

WALKER and YOUNG, JJ., did not sit: the others concurred