Rockingham, }
Jan. 7, 1919. }

## WILLIAM M. BUTLER *v.* JOHN M. WEBSTER, *Ex'r.*

The statement by counsel *arguendo* that because of the executor's failure to elect to testify the opposite party was excluded from testifying is not ground for setting aside a verdict, the jury having been instructed that no inference should be drawn against either party because of his failure to testify.

It is presumed, in the absence of evidence, that the jury followed the court's instructions.

ASSUMPSIT, for services rendered to the defendant's testate. Trial by jury and verdict for the plaintiff. The defendant excepted to the following statement made by plaintiff's attorney in argument:

"Brother Bartlett's statement of the law was all right as far as it goes, but he didn't tell you that the testimony of Mr. Butler could have been introduced here to you so that you could have got the whole story at first hand provided the administrator or the executor had so elected to testify. In this case the executor refuses to testify, consequently the plaintiff cannot put on Mr. Butler [the plaintiff] to tell his story. The rule works both ways, and in this case I submit to you that you would have a better understanding of all the facts and circumstances if Mr. Butler could talk to you as man to man and tell you his story exactly as it occurred. But, unfortunately, we have to depend upon outside evidence." The jury was instructed as stated in the opinion. Transferred from the May term, 1918, of the superior court by *Allen,* J.

*Edwin B. Weston,* for the plaintiff.

*Bartlett & Grinnell,* for the defendant.

PLUMMER, J. In the trial of this action the defendant, an executor, did not elect to testify. This prevented the plaintiff from testifying. P. S., c. 224, s. 16. In commenting upon this situation the plaintiff's counsel made the remarks to which exception was taken. It was the legal right and perhaps the duty of the executor not to elect to testify, and no inference of any kind could legally be drawn from that act. The reference of the plaintiff's counsel to the failure of the executor to elect to testify, and the consequent exclusion of his client as a witness was doubtless for the purpose of inducing the jury to draw or to refrain from drawing certain inferences from the failure of the parties to testify. So far as appears, counsel did not inform the jury what inference, if any, he claimed should be drawn from the facts. What inference can be drawn is a question of law. *Mitchell* v. *Railroad,* 68 N. H. 96, 117; *Seely* v. *Insurance Co.,* 73 N. H. 339, 343; *Potter* v. *Moody, ante,* 87. Upon this proposition the jury were fully instructed that no inference should be drawn against either party because of his failure to testify, and it is presumed, in the absence of evidence, that the jury followed the court's instructions. *Davis* v. *Railroad,* 75 N. H. 467, 470; *Turner* v. *Company,* 75 N. H. 521, 522; *Janvrin* v. *Powers, ante,* 44.

*Exception overruled.*

All concurred.