Hillsborough
No. 7855

THE STATE OF NEW HAMPSHIRE

v.

GUSTAV GARCEAU
ROBERT A. DESMARAIS

May 9, 1978

*David H. Souter*, attorney general, *James E. Morris*, assistant attorney general, and *Mark H. Puffer*, attorney (*Mr. Puffer* orally), for the State.

*Emile R. Bussiere* and *Richard J. Walsh*, of Manchester (*Mr. Walsh* orally), for the defendants.

*Craig, Wenners, Craig & McDowell*, of Manchester (*Vincent A. Wenners, Jr.* orally), for intervenor Manchester Housing Authority.

*Sheehan, Phinney, Bass & Green*, of Manchester (*Lee W. Mercer* orally), for intervenor Hamilton Realty Corporation.

BOIS, J. This case presents the question whether the condemnor or the landowner is the party entitled to open and close an eminent domain trial held in the superior court to assess damages for a taking of property. RSA 498-A:27 (Supp. 1977). We hold that although the condemnor has the burden of proof and as a matter of course should be accorded the privilege to open and close, the assignment of this privilege is within the court's sound discretion.

The defendants herein owned a parcel of land in Manchester. In October 1974, the State notified them that a portion of their land was to be taken for an interstate highway. Having failed in an attempt to negotiate a settlement with the landowners, the State initiated condemnation proceedings in Hillsborough County Superior Court. It filed a "declaration of taking" and deposited funds with the court, thereby acquiring title and possession. RSA 498-A:5 (Supp. 1977). Pursuant to RSA 498-A:23 (Supp. 1977), the clerk of court assigned the case to the State commission of eminent domain for an assessment of damages. The commission issued its report, and the defendant landowners appealed to the superior court.

Under RSA 498-A:27 (Supp. 1977), a trial de novo in the superior court is limited to the question of damages. *Mullavey*, J., the Trial Justice, denied the landowners the prerogative to open and close the

case before the jury and accorded such prerogative to the State. The defendants seasonably excepted to this ruling; the merit of their exception is the issue before us.

Hamilton Realty Corporation and the Manchester Housing Authority, involved in litigation that raises the same question, were permitted to intervene.

■ Our State Constitution provides that "no part of a man's property shall be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people." N.H. Const. pt. I, art. 12. New Hampshire is one of only two States with constitutions not specifying that a condemnee is entitled to "just compensation" when he is deprived of his property. Greene, *Eminent Domain in New Hampshire*, 1 N.H.B.J. (No. 3) 12 (1959). Long ago, however, this court inferred a right to just compensation from our constitution's reservation of private rights, N.H. Const. pt. I, art. 12. *E.g., Thompson v. Androscoggin River Improv. Co.*, 58 N.H. 108 (1877); *Great Falls Mfg. Co. v. Fernald*, 47 N.H. 444 (1867); *Piscataqua Bridge v. New Hampshire Bridge*, 7 N.H. 35 (1834); *see Orr v. Quimby*, 54 N.H. 590, 603 (1874) (Doe, J., dissenting). We read the constitutional requirement of just compensation as imposing on the condemnor the burden of proving by a preponderance of the evidence, at a trial under RSA 498-A:27 (Supp. 1977), that the price it offers for condemned land does in fact justly compensate the condemnee.

The justice and feasibility of placing the burden of proof on the State, or other condemning authority, was recognized by the legislature when, as a direct result of the reports of two "Interim Commissions to Study Laws of Eminent Domain," it enacted RSA ch. 498-A (Supp. 1977). The house of representatives stated that "[this bill] proposes a single uniform procedure for the taking of property by any governmental authority, which should be faster, less complicated and more beneficial to the landowner." N.H.H.R. Jour. 1182 (1971). The senate concurred, stating that the purpose of the bill was the unification and simplification of all statutes relating to condemnation so as to provide for a simpler, easier and more equitable way of land being taken and landowners being fairly heard and compensated. N.H.S. Jour. 1544–45 (1971). Chapter 498-A (Supp. 1977) as a whole protects the proprietary rights of the individual by imposing numerous procedural burdens on the condemnor.

The bill as originally proposed provided that in proceedings before the eminent domain commission, "[i]ssues of fact shall be deter-

mined upon the balance of probabilities and the burden of proof shall be upon the condemnor." RSA 498-A:19 (Supp. 1977). Originally appeal from the commission directly to the supreme court was provided for. The senate, however, proposed RSA 498-A:27 (Supp. 1977) as an amendment, stating that "the appeal provisions [to the superior court] provides that the person whose land is being taken has the right to a jury trial if not satisfied with the award of the commission." N.H.S. Jour. 1545 (1971). Both legislative bodies knew the burden of proof before the commission was on the condemnor, and did not provide that a different rule apply on appeal. We therefore hold that the burden of proof should remain on the condemning authority on appeal to the superior court.

■■ Usually the party bearing the burden of proof at trial is entitled to open first and close last before the court or jury. *Hardy v. Merrill*, 56 N.H. 227 (1875); *Judge of Probate v. Stone*, 44 N.H. 593 (1863). Strictly speaking, however, to open and close is a privilege, not a right; it does not automatically accrue to the party bearing the burden of proof. *See Seely v. Manhattan Life Ins. Co.*, 73 N.H. 339, 61 A. 585 (1905); *Amoskeag Mfg. Co. v. Head*, 59 N.H. 332 (1879); *Boardman v. Woodman*, 47 N.H. 120, 140 (1866) (Doe, J., dissenting. Therefore, although as a matter of course the superior court should permit the condemning authority to open and close the eminent domain damages trial, we hold that the court has discretion to assign such prerogative to any party to the proceeding. The court's exercise of this discretion will not be set aside except for manifest abuse. *See Lynch v. Bissel*, 99 N.H. 473, 116 A.2d 121 (1955); *Blaisdell v. Young*, 90 N.H. 185, 6 A.2d 441 (1939); *Seely v. Manhattan Life Ins. Co. supra.*

In both the case at bar and the case of the intervenors there has been no showing that actual and substantial prejudice has resulted by the assignment at trial of the open and close. Our order, therefore, is

*Exception overruled.*

LAMPRON, J., did not sit; the others concurred.