Hillsborough
No. 79-454

ROBERT AMABELLO & a.

v.

COLONIAL MOTORS
a/k/a ANDY'S MOTOR SERVICE

August 21, 1980

*James M. Winston*, of Manchester, by brief and orally, for the plaintiffs.

*Prunier, Mazerolle & Frasca*, of Nashua (*Gerald R. Prunier* orally), for the defendant.

GRIMES, C.J. In this twice-tried case, the issues are whether the trial court erred in admitting certain evidence, instructing the jury on determining damages and imposing the costs of transcription upon the defendant. We find no error below and affirm.

The rather lengthy history of this case, is set out in *Amabello v. Colonial Motors*, 117 N.H. 556, 374 A.2d 1182 (1977), and so need not be repeated here. Suffice it to say that pursuant to our disposition there, the case was retried in June 1978 before *Keller*, C.J., sitting with a jury. Following five days of trial, the jury returned a verdict in the plaintiffs' favor for $7,500. The defendant's exceptions were reserved and transferred by *DiClerico*, J.

The defendant first attacks the ruling of the trial court allowing into evidence certain testimony by the plaintiffs' two expert

witnesses, Madden and Savoie, purporting to prove that the defendant had failed to straighten the frame of the plaintiffs' automobile. The essence of the defendant's complaint is that neither expert examined the automobile until approximately six months and one year, respectively, after the plaintiffs regained possession of it. It appears that in the year following the defendant's work on the car, the plaintiffs put some 16,000 miles on the vehicle. The defendant argues that because of the intervening time and use, the evidence is too remote and should have been excluded. We do not agree.

In our earlier opinion, we indicated that the intervening time and use of the vehicle could properly be considered "as insignificant because the number of miles a car has been driven does not ordinarily affect the straightness of the frame." *Amabello v. Colonial Motors*, 117 N.H. at 560, 374 A.2d at 1185. Moreover, as in the prior trial, the plaintiffs here presented evidence that between July 1973 when they regained possession of the car and December 1973 when it was first examined by witness Madden, there was no intervening accidental damage to it. Consequently, we cannot say that this evidence was so remote in time that its evidentiary value was destroyed. *See, e.g., Exeter-Hampton Mobile Co. v. State*, 106 N.H. 476, 213 A.2d 925 (1965). Rather, it is simply an indication of the "substantial chance that upon the new trial the party who won the first verdict can fill the gap in his claim or defense and properly prevail on the merits . . . ." *Amabello v. Colonial Motors*, 117 N.H. at 562, 374 A.2d at 1186, *quoting* F. JAMES, JR., CIVIL PROCEDURE § 7.22 (1965).

The defendant next assails the outcome below, arguing that because the plaintiffs did not mitigate their damages, they should recover nothing. This is at best a novel proposition of law. The transcript reveals, however, that the trial court extensively and correctly instructed the jury on this issue. More to the point, the defendant neither objected to the instruction nor requested clarification. Under these circumstances, we will not consider the issue. *Ackerman v. March*, 116 N.H. 64, 352 A.2d 717 (1976); *Cyr v. Sanborn*, 101 N.H. 245, 140 A.2d 92 (1958); *see Sperl v. Sperl*, 119 N.H. 818, 408 A.2d 422 (1979).

Finally, the defendant attacks the trial court's order directing it to pay for the costs of transcription arising out of the first trial. The imposition of costs in civil proceedings is governed by RSA ch. 525. Although costs generally are awarded to the prevailing party, RSA 525:1, the trial court possesses a broad

discretion in this area. *See Medico v. Almasy*, 108 N.H. 324, 23 A.2d 527 (1967); *McLaughlin v. Union-Leader Corp.*, 100 N.H. 367, 127 A.2d 269 (1956). Inasmuch as the plaintiffs, following the first trial, succeeded in reversing a judgment notwithstanding the verdict, we perceive no reason to disturb the trial court's imposition of this cost.

*Exceptions overruled; affirmed.*

BOIS, J., did not sit; the others concurred.