154

## Cecile E. Fortin

### v.

## Manchester Housing Authority

May 4, 1990

*Emile R. Bussiere P.A.*, of Manchester (*Daniel J. Kalinski* on the brief and orally), for the plaintiff.

*Craig & Wenners P.A.*, of Manchester (*Gary L. Casinghino* on the brief and orally), for the defendant.

BROCK, C.J.   The Manchester Housing Authority (MHA or Condemnor) took, by eminent domain, real estate belonging to Cecile E. Fortin (Fortin or Condemnee). After a jury trial in the Superior Court (*Pappagianis*, J.), the Condemnee was awarded $369,000 as compensation for the taking. The Condemnee appeals, alleging only that the trial judge erred in: (1) failing to award her costs at the superior court level; and (2) denying her motion for attorney's fees. For the reasons that follow, we reverse in part, affirm in part and remand.

The MHA sought to acquire certain real property consisting of land and buildings owned by Fortin. In consideration thereof, the MHA offered Fortin $265,000, an amount it claimed was the fair market value of the property based upon the results of a professional appraisal. When Fortin declined to accept the tender, the MHA exercised its power of eminent domain and effected a taking on April 27, 1982.

Pursuant to RSA 498-A:24, a hearing was held before the New Hampshire Board of Tax and Land Appeals (Board). The parties

presented conflicting evidence regarding the fair market value of the property as of the date of the taking. The testimony of the Condemnor's expert supported the $265,000 valuation. The Condemnee's expert testified that the fair market value was $400,000. In its decision dated October 13, 1983, the Board found the fair market value of the property taken to be $362,000.

Both parties appealed the Board's award to the superior court. *See* RSA 498-A:27. During trial, the Condemnee offered the testimony of a new expert, who testified that the fair market value of the property was actually $620,000. The Condemnor countered with its previous appraisal of $265,000. In addition, the Condemnor introduced into evidence the testimony before the Board of the Condemnee's former expert, who had appraised the property at $400,000. The jury awarded damages in the amount of $369,000.

The Condemnee subsequently filed a motion for costs. The trial court ruled that, while the Condemnee was the prevailing party before the Board, she was not the prevailing party in superior court because the amount of the verdict did not exceed the evidence of value, the $400,000 appraisal, submitted to the jury by the Condemnor. She therefore was awarded her costs before the Board, but not those incurred in the superior court.

The Condemnee also filed a motion seeking an award of attorney's fees, alleging that such fees should be considered as part of the "just compensation" to which a condemnee is entitled. This motion was denied without a hearing or explanation by the trial court. Subsequent motions for reconsideration, in which the MHA was characterized as a "perpetual and professional litigant" with a history of making "unreasonably low offers," were also denied.

■■ We first address the Condemnee's claim that she should have been awarded her costs incurred in the superior court. Generally, costs are awarded to the prevailing party, subject to the discretion of the trial court. *Amabello v. Colonial Motors*, 120 N.H. 524, 525, 418 A.2d 1279, 1281 (1980); *see* RSA ch. 525 (repealed by Laws 1989, 243:3, IV, effective May 24, 1989; provisions continued in effect by Supreme Court Order dated June 23, 1989; new rules adopted May 1, 1990, *see* SUPER. CT. R. 87). This includes appeals from eminent domain proceedings before the board of tax and land appeals, where the legislature has provided that "the court shall . . . award costs to the prevailing party." RSA 498-A:27. Therefore, we will limit our inquiry to the determination of which of the parties prevailed.

As a whole, RSA chapter 498-A, the Eminent Domain Procedure Act, protects the proprietary rights of individuals by imposing numerous procedural burdens on the condemning authority. *State v. Garceau*, 118 N.H. 321, 323, 387 A.2d 330, 331 (1978). One of those burdens is the issuance of a written notice of offer to purchase, setting forth the amount offered in compensation for the taking. RSA 498-A:4, II(a)(4). Throughout condemnation proceedings before the Board, this offer remains outstanding, RSA 498-A:4, II(b), and the condemnor bears the burden of proving that the amount set forth justly compensates the condemnee, RSA 498-A:19. If the Board rules that the condemnee is entitled to an amount greater than that which was offered by the condemnor, the condemnor has failed to meet its burden of proof and the condemnee has prevailed. Because Fortin was awarded $97,000 more than the MHA had offered, the trial court was correct in ruling that Fortin was the prevailing party before the Board.

■ The parties in an eminent domain proceeding have twenty days to appeal the Board's award to the superior court, RSA 498-A:27; otherwise they are bound by the fair market value established by the Board. The trial in the superior court is *de novo* and is limited in scope to the reassessment of damages. RSA 498-A:27. Procedurally, the condemnor continues to bear the burden of proving that the amount it has offered will justly compensate the condemnee. *State v. Garceau*, 118 N.H. at 324, 387 A.2d at 332.

■ A determination as to which party prevailed in the superior court begins by ascertaining which of the parties appealed. If the condemnee alone takes an appeal to the superior court, the condemnor has, in effect, agreed to accept the ruling of the Board, in lieu of its original offer. Therefore, the condemnor bears the burden of proving that the amount of damages assessed by the Board is just compensation for the taking. The condemnee, as the sole appellant, will prevail only if the amount of reassessed damages exceeds the amount awarded by the Board.

■ If, however, the condemnor appeals, whether the condemnee appeals or not, the condemnor has rejected the Board's ruling and continues to bear the burden of proving that the amount of its original offer will justly compensate the condemnee. The condemnor prevails when this burden is met. The condemnee prevails when any amount is assessed above the original offer. (We do not address the

case in which the original offer is increased subsequent to the Board's decision.)

This method of determining the prevailing party may not be applicable in circumstances other than eminent domain proceedings. However, condemnation proceedings are intended to protect the proprietary rights of the individual who may be involuntarily deprived of property through the coercive power of the State. *See State v. Garceau,* 118 N.H. at 323, 387 A.2d at 331. The methodology we have employed to determine the prevailing party in the superior court is consistent with the procedural burdens which are placed upon the condemning authority by RSA chapter 498-A.

■ Throughout the condemnation proceedings before the Board, the MHA had the burden of proving that its $265,000 offer represented just compensation. In appealing to the superior court, it rejected the Board's higher assessment of fair market value and retained the burden of proving the sufficiency of its offer. The reassessment by the superior court ($369,000) was greater than the amount of the MHA's offer ($265,000). It is not the evidence of value presented at trial which determines the prevailing party in the superior court; it is the amount which has been offered as compensation for the condemned property. Under these circumstances, Fortin was clearly the prevailing party, and the trial court erred in declaring otherwise.

■■ Fortin is entitled to recover her costs in the superior court. These costs should include reasonable charges for her expert witness made incidental to appearing and testifying before the superior court. *State v. Wilson,* 115 N.H. 99, 102, 333 A.2d 459, 462 (1975). However, decisions regarding the allowance of charges "are best left to the discretion of the trial court." *Cutter v. Town of Farmington,* 126 N.H. 836, 843, 498 A.2d 316, 322 (1985). "It is not the function of this court to scrutinize on appeal every prevailing party's laundry list of costs." *Id.* We therefore remand this case to the trial court for a determination of allowable costs to be awarded to the Condemnee.

The second claim raised by the Condemnee arises from her motion requesting the award of attorney's fees. In her original motion before the superior court, she contended only that "[t]he principle of 'just compensation' requires that the defendant-condemnor pay to the plaintiff-condemnee [her] reasonable attorney's fees in addition to the jury's award." As the trial court later noted, this assertion was supported by "no citation of law, common, statutory, or constitutional."

■■ In an order dated January 9, 1989, the trial court denied the motion for attorney's fees. While the trial court provided no explanation for its denial, it is clearly established that, contrary to the Condemnee's pleadings, attorney's fees are not embraced within the "just compensation" provisions of either the Federal or the State Constitution. *Manchester Housing Auth. v. Belcourt*, 111 N.H. 367, 369, 285 A.2d 364, 365 (1971). The Condemnee's motion contained no basis for expanding or redefining "just compensation," and the motion made no request for oral argument or an evidentiary hearing. Under these circumstances, the trial court did not abuse its discretion in denying the motion for attorney's fees. *See Maguire v. Merrimack Mutual Ins. Co.*, 133 N.H. 51, 56, 573 A.2d 451, 454 (1990).

■ The Condemnee subsequently filed a motion for reconsideration in which she alleged that the MHA had made "unreasonably low offers" and was "thereby needlessly maintaining litigation as a perpetual and professional litigant." Included in this motion was a request that the trial court vacate its previous order denying the award of attorney's fees and schedule oral argument so that the Condemnee could have an opportunity "to establish new judicial precedent and to expand existing precedent" consistent with *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), and its progeny. In *Harkeem*, this court held that an award of counsel fees on the basis of bad faith may be appropriate where an individual is forced to seek judicial assistance to secure a clearly defined and established right. *Id.* at 691, 377 A.2d at 619.

In the reconsideration process, the Condemnee provided a copy of a superior court order from a separate action in which the presiding judge, in denying a condemnee's motion for attorney's fees, characterized an offer made by the MHA as "unreasonably low." *Hermsdorf v. Manchester Housing Authority*, Hillsborough C-83-1783 (order dated May 1, 1986). In further support, counsel for the Condemnee supplied his personal allegations that the MHA had a history of "unreasonably low offers." In ruling on reconsideration, the trial court denied the Condemnee an opportunity to be heard on the issue of attorney's fees.

The Condemnee does not allege that she was denied her right to just compensation; she claims only that the MHA acted in bad faith by making an offer which was unreasonably low and caused needless litigation. Once the proceedings had begun, we find no claim by Fortin or evidence in the record that the MHA engaged in any activity intended to frustrate or extend the proceedings before the Board.

Further, both parties appealed the Board's decision to the superior court, as was their statutory prerogative, and there is no claim or evidence that the trial was either delayed or prolonged by the actions of the MHA.

It is true that the amount offered to the Condemnee was significantly less than the amounts awarded by the Board and assessed by the superior court jury. But, the fact that Fortin received a larger sum, as a result of condemnation proceedings, than was originally offered by the MHA is not alone sufficient to permit the conclusion that the MHA acted in bad faith. In formulating its offer, the MHA was required by statute to rely upon "a qualified appraiser who is impartial of mind." RSA 498-A:4, I(a). The Condemnee had adequate opportunity in the trial court to challenge the credibility of the appraiser selected by the MHA, yet we are presented with no evidence that the appraiser either was unqualified or lacked the requisite impartiality. Beyond the opinion of the Condemnee's counsel and the wording of an order from a separate action in which attorney's fees were not assessed against the MHA, we find little support for the Condemnee's allegation that the MHA's offers are consistently unreasonably low and that, therefore, the MHA acted in bad faith or caused needless litigation.

■■■ "We will uphold a trial court's decision on a motion for reconsideration absent an abuse of discretion," *Cagan's, Inc. v. N.H. Dept. of Rev. Admin.*, 128 N.H. 180, 184, 512 A.2d 411, 414 (1986). We conclude that the trial court did not abuse its discretion in denying the Condemnee's motion for reconsideration. The trial court's ruling with regard to attorney's fees is affirmed.

*Reversed in part; affirmed in part; remanded.*

THAYER, J., did not sit; the others concurred.