Hillsborough-northern judicial district
No. 93-605

JOHN FARRIS

v.

MARK DAIGLE

March 28, 1995

*Law Office of David M. Groff,* of Pelham (*David M. Groff* on the brief and orally), for the plaintiff.

*Mark M. Daigle,* by brief and orally, *pro se.*

### MEMORANDUM OPINION

BATCHELDER, J. The plaintiff, John Farris, appeals the decision of the Superior Court (*Goode,* J.) denying his request that court costs and statutory interest should be added to an arbitrators' award. He argues that the trial court erred in refusing to consider an exact copy of a letter transmitted and reproduced via facsimile (fax) purportedly signed by the defendant's then-counsel agreeing to payment of statutory interest and costs "as if the case were tried to a jury." We reverse and remand.

The parties agreed, in the original proceeding, to submit to arbitration their dispute over flooding damage to the plaintiff's land. Although the defendant, Mark Daigle, had previously been represented by counsel, he appeared *pro se* at the arbitration hearing. At the hearing, plaintiff's counsel advised the arbitrators of a prior agreement that interest and costs would be added to the arbitrators' award as if the case had been tried to a jury. Although counsel for the other defendants in the arbitration, who are not part of this appeal, agreed that "[a]s to costs, everything that [plaintiff's counsel] said is correct," the record is devoid of comment by the defendant either accepting or disputing plaintiff's counsel's representation. The defendant's only objection at the arbitration hearing related to his share of the costs of the arbitrators.

█ The arbitrators found for the plaintiff. On April 8, 1993, the plaintiff petitioned the superior court to confirm the arbitration award, including interest and statutory costs as he had represented at the arbitration hearing. The defendant did not object. On April 13, 1993, the Superior Court (*Sullivan,* J.) confirmed the arbitration award and entered judgment for the plaintiff, including interest and costs. By letter dated April 27, 1993, the defendant objected, stating that "there was no prior agreement by myself or any party on my behalf relating to [interest and court costs]." This letter did not rise to the level of a motion for reconsideration nor, if it did, has the defendant shown that it was filed in a timely manner. *See* SUPER. CT. R. 59-A. One does not litigate by correspondence but according to established rules. *See, e.g.,* SUPER. CT. R. 4 (no objection contained in a letter shall be acted on by the court). For reasons that are not apparent from the record before us, however, the superior court assigned the matter raised in the letter for hearing. We can only speculate that this was done in deference to the *pro se* defendant.

At the hearing, the defendant was once again represented by counsel, albeit different from his counsel at the initiation of the proceedings. The Superior Court (*Goode,* J.) reviewed the record, including an unsigned letter confirming the agreement to impose interest and costs, and ruled that the defendant had not agreed to such payment. The plaintiff filed a timely motion for reconsideration of the court's ruling and attached a fax of the same letter showing the signature of the defendant's then-counsel. The Superior Court (*Goode,* J.) ruled that the fax was "new evidence" which it refused to consider and, consequently, affirmed its original ruling excluding interest and costs. The plaintiff appealed.

█ Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court. *See Brown v. John Hancock Mut. Life Ins. Co.,* 131 N.H. 485, 492, 558 A.2d

822, 826 (1989). Here, on the isolated facts of this case, the trial court abused that discretion.

If there was in fact any "new evidence" in this case, it was not the fax but the defendant's April 27 letter denying any agreement to pay interest and costs. Only after the trial court confirmed the arbitration award did the defendant respond by letter denying for the first time the agreement to pay interest and costs, thereby catching the plaintiff by surprise.

■■ A motion for reconsideration is designed to bring to the trial court's attention "points of law or fact that the Court has overlooked or misapprehended." SUPER. CT. R. 59-A (1). In its ruling that no agreement to pay interest and costs existed, the trial court explicitly relied on the fact that the letter regarding the inclusion of interest and costs contained "[n]o confirming signatures." The fax submitted on reconsideration, however, cast doubt on the very basis for the trial court's ruling. On these facts, and in light of the unusual procedures followed in this case, the proper course would have been to determine the validity of the fax and, having done so, amend the order denying the addition of interest and costs if required. We reverse and remand for a determination of the validity of the fax document.

*Reversed and remanded.*

HORTON, J., did not sit; THAYER, J., dissented; the others concurred.

THAYER, J., dissenting: I disagree with the majority's consideration of issues not properly before this court, and I disagree with its holding that the trial court abused its discretion by refusing to consider evidence submitted by the plaintiff in support of a motion for reconsideration. Therefore, I respectfully dissent.

The sole issue in this case is whether the trial court's refusal to consider new evidence when ruling on the plaintiff's motion to reconsider was an abuse of discretion. While it is true, as the majority notes, that the procedural history in this case is unusual, the events prior to the trial court's decision on the plaintiff's motion for reconsideration were not contested in this appeal and, therefore, cannot form a basis for this court's decision. The majority notes that the defendant's April 27 letter to the court did not constitute a valid motion and should have been considered "new evidence" by the trial court. On appeal, however, the plaintiff does not challenge the propriety of the trial court treating the defendant's correspondence as a motion for reconsideration or considering the issues raised by that letter. The sole issue raised by the plaintiff is whether the trial court erred in refusing to consider evidence submitted in support of the plaintiff's subsequent motion for reconsideration.

"We will uphold a trial court's decision on a motion for reconsideration absent an abuse of discretion." *Fortin v. Manchester Housing Auth.,* 133 N.H. 154, 160, 574 A.2d 945, 950 (1990) (quotation and citation omitted). Additionally, an appellant claiming trial court error in abusing discretion has the burden to demonstrate that the discretionary ruling is clearly untenable or unreasonable to the prejudice of the appellant's case. *White v. Francoeur,* 138 N.H. 307, 310, 638 A.2d 1250, 1252 (1994); *Abrams v. Abrams,* 131 N.H. 522, 524, 556 A.2d 1173, 1174 (1989). The majority holds that the trial court abused its discretion by refusing to accept evidence in support of the plaintiff's motion for reconsideration that the plaintiff had failed to present at the hearing on the defendant's April 27 letter [hereinafter "the original hearing"]. I do not agree.

In this case, the trial court's original order, which is the basis of the plaintiff's motion for reconsideration, states that "[u]pon a review of the record submitted, . . . there is no affirmative, nor reasonably implied acquiescence by [the defendant] to participate in the payment of [interest or costs]." The plaintiff has not argued that the trial court was mistaken as to the evidence presented at the original hearing; instead, he alleges that the trial court should have considered the evidence that he submitted in support of his motion. The evidence in question was in the possession of the plaintiff at the time of the original hearing, yet the plaintiff failed to present it to the trial court.

A motion for reconsideration allows a trial court to review "points of law or fact that *the Court* has overlooked or misapprehended." SUPER. CT. R. 59-A(1) (emphasis added). It "does not purport to authorize either party to submit further evidence bearing on the motion," *Brown v. John Hancock Mut. Life Ins. Co.,* 131 N.H. 485, 492, 558 A.2d 822, 826 (1989), nor is it designed to allow parties to raise issues that *they* overlooked when presenting their original case.

The new evidence proposed by the plaintiff arguably contradicts the evidence presented at the original hearing, but the trial court "was . . . free under Rule 59-A to reject the plaintiff's new exhibit." *Brown,* 131 N.H. at 492, 558 A.2d at 826. While the majority is correct that the trial court was empowered to consider the new evidence, I do not see how, where the failure to present the evidence at the proper time was attributable solely to the plaintiff, we can hold that the trial court's refusal to consider this evidence was clearly untenable or unreasonable. Therefore, I must respectfully dissent.