Compensation Appeals Board
No. 96-440

## APPEAL OF BOBBY GILBERT

### (New Hampshire Compensation Appeals Board)

June 3, 1998

*Devine & Nyquist*, of Manchester (*Corey Belobrow* on the brief and orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Patrick C. McHugh* on the brief and orally), for the respondent, Irby Seaward Joint Venture.

BRODERICK, J. The petitioner, Bobby Gilbert, appeals the decision of the New Hampshire Compensation Appeals Board (board) calculating his average weekly wage over a twenty-two week period rather than a thirty-seven week period, which would produce a higher wage. *See* RSA 281:2, VII(1) (1987), *repealed and replaced by* RSA 281-A:15, I (Supp. 1997). We reverse and remand.

On February 10, 1989, the petitioner suffered an injury to his left knee while working for the respondent, Irby Seaward Joint Venture. His injury left him temporarily totally disabled, and he has since received workers' compensation benefits, which reflect a percentage of his average weekly wage prior to his injury, *see* RSA 281:23, II (1987), *repealed and replaced by* RSA 281-A:28, II (Supp. 1997).

In 1995, the petitioner sought an increase in his average weekly wage calculation and, accordingly, his benefits. After an unfavorable ruling by a department of labor (department) hearing officer, he appealed to the board, asserting that his gross wages during the twenty-two weeks immediately preceding his injury should include *per diem* payments, bonuses, and profit sharing distributions. This total, he argued, averaged over the twenty-two week period, less any weeks when the job site was closed, produced the most favorable average weekly wage — $674.33.

The board rejected the petitioner's economic model. In determining his gross wages, the board included the *per diem* payments, bonuses, and profit distributions, but, rather than aggregate the bonuses and profit distributions in the selected twenty-two week period, it divided them, pro rata, over fifty-two weeks. As a result, the board reduced the petitioner's average weekly wage for the twenty-two week period to approximately $507.

In his motion for rehearing, the petitioner asserted that because the board did not adopt his economic model, the most favorable period for determining his average weekly wage was not twenty-two weeks but rather thirty-seven weeks. *See* RSA 281:2, VII(1) (repealed 1988, effective July 1, 1989). He claimed that when he originally proposed a twenty-two week model, he could not have known that the board would apply the bonus payments pro rata over a fifty-two week period. By using a thirty-seven week model, he argued, his average weekly wage would increase to $541.70. The board denied his motion, and this appeal followed.

On appeal, the petitioner contends that the board erred by failing to use the most favorable wage period to calculate his average weekly wage as required by former RSA 281:2, VII(1). "We will not set aside the decision of the board absent an error of law or unless we are satisfied, by a clear preponderance of the evidence before us,

that the board's decision is unjust or unreasonable." *Appeal of Estate of Balamotis*, 141 N.H. 456, 458, 685 A.2d 919, 920 (1996); *see* RSA 541:13 (1997). "When construing the meaning of statutes, we first look to the plain and ordinary meaning of the words used." *Appeal of Rowan*, 142 N.H. 67, 71, 694 A.2d 1002, 1004 (1997).

■ Former RSA 281:2, VII(1) stated in pertinent part that "[a]verage weekly wages . . . *shall* be computed by taking the gross earnings of the injured employee . . . during the preceding 12 weeks, *or a longer period*, not to exceed one year, *if more favorable to the injured*, divided by the number of weeks." (Emphasis added). The statute's plain language indicates that the department must determine the appropriate wage period to use in calculating the average weekly wage. RSA 281:2, VII(1); *cf. Appeal of Rowan*, 142 N.H. at 71, 694 A.2d at 1004 (noting that "[w]ords and phrases which are generally regarded as making a provision mandatory include 'shall' and 'must'"). When, as here, more than one period is more favorable than the base twelve-week period, the department must use the *most* favorable period, *i.e.*, that which produces the highest average weekly wage. This interpretation is consistent with our policy of liberally construing workers' compensation laws to give the broadest reasonable effect to their remedial purpose. *See Appeal of Lalime*, 141 N.H. 534, 537-38, 687 A.2d 994, 997 (1996); *Maltais v. Assurance Society*, 93 N.H. 237, 240, 40 A.2d 837, 839 (1944).

■ The burden to furnish wage information for the department's calculation resides with the claimant. The department has no independent duty to seek out wage information that the claimant has failed to provide. The claimant, however, should not be required to engage in the time-consuming, confusing, and speculative effort required to calculate multiple favorable wage periods when an informed selection awaits only the department's determination of the proper economic model. *Compare* RSA 281:2, VII(1) (computing average weekly wages during 12 to 52 weeks preceding injury) *with* RSA 281-A:15, I (computing average weekly wages during 26 to 52 weeks preceding injury).

■ Accordingly, the claimant should propose an economic model and submit evidence of wages for those weeks producing the most favorable weekly wage. If the fact-finder applies a different model, then, in a motion for rehearing, the claimant is entitled to recalculate the most favorable weekly wage and submit corroborating evidence. Here, the petitioner's motion for rehearing provided additional evidence that the board should have considered. *See*

*Farris v. Daigle*, 139 N.H. 453, 454-55, 656 A.2d 825, 826-27 (1995) (determining that court abused its discretion by refusing to consider evidence submitted with motion to reconsider). Moreover, it would be inequitable to hold the petitioner to his proposed twenty-two week period when that proposal was premised on the board accepting his economic distribution.

Finally, the petitioner's motion to reconsider did not argue for inclusion of remunerations not previously addressed. Rather, the petitioner merely asserted that the board must determine the most favorable wage period preceding the injury when calculating his average weekly wage. Thus, the respondent is not prejudiced by our decision. Accordingly, we reverse and remand this matter to the board for any necessary adjustment of workers' compensation benefits.

*Reversed and remanded.*

All concurred.