Mountjoy v. Pishon                        CV-97-508-M    10/26/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Keith Mountjoy,
        Petitioner

v.                                          Civil No. 97-508-M

Nicholas E. Pishon,
        Respondent


**O R D E R**

By order dated September 15, 1998, the court held that petitioner's amended habeas corpus petition (28 U.S.C. § 2254) contained both exhausted and unexhausted claims.  Because the amended petition is "mixed," the court concluded that it should be dismissed.  See 28 U.S.C. § 2254(b)(1)(A).  See also Rose v. Lundy, 455 U.S. 509, 522 (1982) ("a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  However, the court afforded petitioner some latitude, granting him leave to either: (1) amend his petition again, so that it asserts only exhausted claims; or (2) voluntarily withdraw his amended petition (without prejudice) so that he might exhaust any previously unexhausted claims at the state level.


Petitioner has elected to avail himself of neither of the options presented to him.  Instead, he has filed a "Demand to Vacate Order or Issue an Immediate Final Order and Judgment"

(document no. 23). For the reasons set forth below, that motion is granted in part and denied in part.

## Procedural History

Following his conviction in Rockingham County (New Hampshire) Superior Court of aggravated felonious sexual assault and burglary, petitioner filed a motion to set aside the guilty verdicts. The trial court conducted a hearing, after which it denied the motion. Petitioner then appealed to the New Hampshire Supreme Court, which considered most of his claims on the merits and affirmed his conviction. As to petitioner's assertion that his trial counsel labored under a conflict of interest, however, the court concluded that petitioner had waived (by failing to brief and/or argue) any such argument. State v. Mountjoy, 142 N.H. 648 (1998) ("Issues raised in the notice of appeal but not briefed are deemed waived.").

Subsequently, petitioner filed (in the New Hampshire Supreme Court) a pro se motion for rehearing in which he raised, among other things, an entirely new claim: that his appellate counsel had been ineffective (because appellate counsel waived the claim that petitioner's trial counsel suffered from an actual conflict of interest). On April 23, 1998, the court denied petitioner's motion for rehearing. Petitioner then filed in this court a petition for habeas corpus relief under 28 U.S.C. § 2254.

## Discussion

Based upon the record presently before the court, it appears that petitioner's claim regarding ineffective assistance of <u>appellate</u> counsel was not properly presented to the New Hampshire Supreme Court, nor has it otherwise been exhausted. <u>See</u> N.H. Supreme Court Rule 22(2) (permitting parties to raise in motions for reconsideration or rehearing only "points of law or fact that . . . the court has overlooked or misapprehended."). <u>See also</u>, <u>Farris v. Daigle</u>, 139 N.H. 453, 456 (1995) (Thayer, J., dissenting) (noting that a motion for reconsideration "does not purport to authorize either party to submit further evidence bearing on the motion, nor is it designed to allow parties to raise issues that <u>they</u> overlooked when presenting their original case.) (emphasis in original) (citation omitted).

In order to satisfy the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A), petitioner bears the burden of demonstrating that he has fairly and recognizably presented the factual and legal basis for his federal claim to the state's highest court. <u>See</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 262 (1st Cir. 1997). Petitioner has failed to carry that burden. Raising a new legal issue before the state supreme court for the first time in a motion for reconsideration does not properly and fairly present that issue to the court for consideration.

Petitioner suggests, however that the state supreme court "could have" addressed the merits of his claim "under its general supervisory jurisdiction over the lower courts or its original and concurrent jurisdiction [over] writs of habeas corpus and other extraordinary writs." Petitioner's motion (document no. 23) at 2. That argument is, however, flawed for at least two reasons. First, the motion for reconsideration or rehearing filed with the New Hampshire Supreme Court was not a petition for habeas corpus and the court was under no obligation to treat it as such. Second, even if the state supreme court <u>could</u> have exercised its discretion and addressed the merits of petitioner's new claim, its failure to do so does not establish that petitioner has exhausted his state remedies. As the Supreme Court has held:

> Although we have rejected a narrow interpretation of § 2254(c), we have not blue-penciled the provision from the text of the statute. It is reasonable to infer an exception where the State has actually passed upon the claim, as in [<u>Brown v. Allen</u>, 344 U.S. 443 (1953)]; and where the claim has been presented as of right but ignored (and therefore impliedly rejected), as in [<u>Smith v. Digmon</u>, 434 U.S. 332 (1978)]. In both those contexts, it is fair to assume that further state proceedings would be useless. Such an assumption is not appropriate, however – and the inference of an exception to the requirement of § 2254(c) is therefore not justified – where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless [the court exercises its discretion to do so]. Raising the claim in such a fashion does not, for the relevant purpose, constitute "fair presentation."

<u>Castille v. Peoples</u>, 489 U.S. 346, 352 (1989). Here, unlike in <u>Digmon</u>, <u>supra</u>, the state appellate court did <u>not</u> ignore a claim that was <u>properly</u> presented to it.[1]

### Conclusion

Petitioner has failed to demonstrate that he has properly exhausted the claim that he was denied effective assistance of <u>appellate</u> counsel. And, petitioner has failed to avail himself of either of the curative opportunities offered to him by the court. Accordingly, the court is compelled to hold that his pending amended petition for habeas corpus relief is a "mixed" petition and must, therefore, be dismissed. <u>See</u> <u>Rose v. Lundy</u>, <u>supra</u>.

Accordingly, the extent that petitioner seeks a final order of the court resolving his pending (mixed) petition for habeas corpus relief under 28 U.S.C. § 2254, his motion (document no. 23) is granted. His petition is dismissed, without prejudice, for failure to exhaust available state remedies. In all other respects, petitioner's motion is denied. Respondent's motion to

---

[1]    Of course, "[t]he requisite exhaustion may nonetheless exist, . . . if it is clear that [petitioner's] claims are now procedurally barred under [New Hampshire] law." <u>Castille</u>, 489 U.S. at 351. However, petitioner has not asserted that his new claim (i.e., ineffective assistance of appellate counsel) is procedurally barred, nor has he attempted to "demonstrate cause for the [state procedural] default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

5

strike affidavit attached to petitioner's traverse (document no. 21) is denied as moot.  The Clerk of the Court is instructed to close the case.

**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

October 26, 1998

cc:  Keith W. Mountjoy
     Ann M. Rice, Esq.

6